Smith, J.
Romeo Lewis, late of Butler County, Ohio, deceased, died June 24, 1843, aged 48 years, leaving no issue surviving him. On the 8fch day of January, 1842, he executed a will, which after his death was duly admitted to probate and record in said county. At the date of the execution thereof, he had no child living, but was married to Jane N. Lewis, who survived him, dying on the 11th day of January 1888. She was never married except to Romeo Lewis, and she left no issue surviv *285 ing her. Her only child by said Lewis was born on the 15th of April, 1848, about fifteen months after the execution of said will, and died April 20, 1843, about two months before the death of the father. The will of Lewis was written by himself. He was not a lawyer by profession, but was a-civil engineer, a plain business man, but a well educated and cultured gentleman. Fie had only a small amount of personal property, but owned some real estate in Oxford, Ohio, (the subject of this litigation), and a large quantity of land in Indiana and Illinois, then of small value, but which is now quite valuable. By this will he gave certain specific legacies to his mother and other.relatives, and then used this-language, which is that upon which the controversy in this case arises, viz: “ I further give and devise to my dearly beloved wife Jane N. Lewis, and to the heirs of her body, my houses and lots in the town of Oxford, Butler County, Ohio, and all the residue of my lands in the states of Indiana and Illinois, and all the rest, residue and remainder of my personal estate, goods and chattels of every kind and description whatsoever, to be equally divided between them, to share and share alike.” Jane N. Lewis duly elected to take under this will. Before her death she made a will, afterwards duly probated, by which she devised the real estate in question to her relatives, the plaintiff in error in this case, and thereupon, after her death, the defendants in error, the heirs-at-law of Romeo Lewis, deceased, brought an action to recover the same, and obtained a judgment against them, which in this proceeding they seek to reverse. The foregoing facts which were agreed on, are all that we now deem it necessary tosíate.
The legal questions involved in the case have been argued to us orally and in writing, at great length and with much ability. Owing to the great pressure of other business, and the well understood fact that whatever our decision may be, the case will be taken to the Supreme Court, (as on account of the doubt as to the law, and the great importance of the question'it ought to be), we will do little more than to state our conclusions in it, without any extended argument or citation of authorities in their support.
*286 The great question in the case is, whether under the will, Jane M. Lewis, ai claimed by the counsel for the plaintiff in error, took this real estate in fee simple on the death of her husband, or whether as claimed by the counsel for the defendants in error, she took either a fee tail estate, or an estate for her own life merely, with remainder to the heirs of ■ her body. If she took the fee simple, of course she had the right to dispose of the real estate, by will or otherwise, and the plaintiffs in error, as her devisees, are entitled to it. On the other hand, if she took only a fee tail, or an estate for her life, with remainder to the heirs of her body, in either event, her interest in the land ceased at her death, andas there were no children or heirs of her body living at the time of the death of her husband, or at the time of her own death the estate in remainder being in that event indisposed of, lapsed, and passed to the heirs at law of the testator, the defendants in error here, who would thus be the owners of the estate in fee simple.
The 'ontention of Mr. Benedict is, that the intent of the testator, as shown by the language of the will was, that at his death his wife, and those who at that time should be the heirs apparent of her body, would take as tenants in common, share and share alike, and that she and the heirs of her body (children) constituted a class, and that in accordance with a well settled rule of law, where there is a gift or devise to a class, which is to be ascertained at the death of the testator, those of the class then living take the whole, and that in this case Mrs. Lewis, being the only one of this cla-s, took the absolute fee.
It is conceded we understand by counsel on both sides, that the words “ heirs of her body” in this item, should be read 11 children ” — that if so, they are not words of limitation, hut of purchase, designating not, the whole line of succession ad infinitum, (for then they would be words of limitation, and such heirs would take by descent), but, of a class who are to take equally, either at the death of the testator, (as claimed by one side) or at the death of Mrs. Lewis herself, as claimed by the other side. But, if the will devised this property to *287 Mrs. Lewis, and “ to her children,” to be equally divided between them, a tiiajority of the court is of the opinion that it expresses quite clearly the intention, that the division contemplated was to be made at the death of the testator, and among those named by him ; that is, his wife and any child of hers then living, and that she being the only one of the class then living, took a fee simple estate therein.
Alfred B.-Benedict, attorney for plaintiff in error,
among many others cited the following authorities : 14 Ohio St. 251; 10 Ben Monroe, 56; 95 N. O. 362; 10 Ben Monro, 56; 5 Ire-dell Eq. (N. C.) 400; 3 Iredell Law, R. 200; 9 C. B. (N. S.) 497; 15 Ohio, 559; 3 Ohio Lt. 369; 15 Ohio St. 108; -25 Ohio ■St. 488; 6 Ohio St. 563; 33 Ohio St. 573; 43 Ohio St. 213; 16 ■Ohio St. 31; 102 Ind. 76; 104 Io. 595 ; 31 Miss. 23; 38 Ohio .St. 330; 43 Ohio St. 213; 1 Jarman on Wild, 269; Do 341, 118 111. 403; 15 Abbetts New Cases, N. Y. 123.
*287 It must be conceded that there are authorities, both in this country and in England, which support a different conclusion ; but there are American cases which favor it, and the rule upon which it is founded, viz., to give a very technical meaning to the word “ heirs,” even when used in a will, and where such technical meaning is clearly against the intention of the testator, while followed by eminent judges in England, it has been done very unwillingly. We have no decision of our own Supreme Court upon the exact point. But in view of its many clear and explicit holdings that the great object of courts in interpreting wills should be to find out, and carry into effect the intentions of the testator as manifested by it, and its much greater readiness than is shown by many other courts to do away with the technical meaning of the word “heirs” as used by a testator, if by so doing his intention will be carried out, and of the policy of our law, as indicated by the statutory provision, that every devise shall be construed to convey the whole estate of the devisor therein which he could lawfully devise, unless it shall clearly appear that he intended to convey a less estate, and of what in this case seems to us the manifest intention of Romeo Lewis, as before stated, we have reached the conclusion announced that Mrs. Lewis on his death took a fee-simple estate therein. The judgment of the common pleas is therefore reversed, with costs, and the judgment will be rendered therein which we think the common pleas should have rendered.
Judge Swing is in favor of affirming the judgment below.
Thomas Millihin and Palmer W. Smith, attorneys for plaintiffs in error,
among others, cited the following: 2 Black Com. 113; 1 Washburn Real Prop. 99; 17 Ohio St. 439; 24 Ohio St. St. 425; 2 Washburn 450, 554; 1 Sumner C. C. Rep. 235; 2 Burr. 1100; 16 Ben Monroe, 309; 29 R. F. S. 333; 67 111. 28 ; .59 N. Y. 152; 3 Jarman, 181.
Mem.- — In his oral argument, Mr. Benedict read to the court a letter of the' late Gov. Corwin, written to Gov. Wm. Bebb, giving his opinion as to the construction to be placed on this will, a copy of which wé give as characteristic and interesting.
Lebanon, 7th September, 1843.
Dear Sir: I have made up my mind on the will of R. Lewis. This I did some days ago and forgot my promise to write till now.
I am satisfied, that a fee-simple is vested in Mrs. Lewis and her children, share and share alike, and I see no possibility of giving effect to the evident intention of the devisor but by giving her the whole. I think the doctrine of cross-remainders helps us to this construction. I understand the children of Mrs. Lewis all dead at Lewis’ death.
The will is to be considered as having been sealed in the last moments of the devisor with a full knowledge of the then condition of his family. Knowing Mrs. Lewis had no children, he gives her and her children [if any] to be born, all the residue of his estate.
These views will readily occur to you, as well as others which it is needless to repeat.
Tour friend,
Tho. Corwin.
W. Bebb, Esq.