## MARY F. GARRETT, APPELLANT, *v.* R. C. CLARK, RESPONDENT.

A PAROL LEASE, ACCOMPANIED WITH POSSESSION AND PAYMENT OF RENT, HOW CONSTRUED.—An estate for life cannot be created, transferred, or declared by parol; but a parol lease for an indefinite time, or even for life, accompanied by possession and the payment of rent, is not for all purposes void. Such tenancies are constructively taken to be tenancies from year to year, and when once established will continue until determined by notice to quit, or some other sufficient legal cause.

APPEAL from Benton County.

On the 7th of December, 1872, John Lloyd, in consideration of love and affection and of the payment of taxes thereon, made a verbal agreement with his son, William Lloyd, by which he, William, was to have the possession of certain lands, with their rents, issues, and profits, during his, John's, lifetime. In pursuance of this agreement, William entered upon the premises and paid the taxes thereon. On the 15th of October, 1873, William leased the premises to one Prose for one year, the rental to consist of one half the hay and oats grown on the premises during the year, William reserving to himself the use of the pasture lands. Prose took possession under the lease, and raised a crop. On the 1st of January, 1874, William died, leaving a will, under which the appellant, who was his wife, became his sole legatee. On the 7th of March, 1874, Clark, the respondent, became the owner in fee simple of the premises in question, under a conveyance from John Lloyd, and thereafter, by virtue of such ownership, converted to his own use the hay and oats, amounting in value to two hundred and seventy-six dollars, set apart by Prose, William Lloyd's lessee, as the rental due on the lease of William to Prose. The appellant, as the representative at law of William Lloyd, brought this action to recover damages for such conversion.

It was held on the trial by the court below that William Lloyd's estate in the premises in question was a mere life estate; or, if not, that it was no more than a tenancy at will, and that no notice to quit was required; and that plaintiff could not recover, unless, at the death of William, he, William, or his tenant, had sown a crop, or unless John Lloyd, in conveying to respondent, had reserved the growing crops to appellant. Respondent having recovered judgment in the court below, appellant brings this appeal, and assigns these rulings as error.

*Chenoweth & Eglin and W. W. Thayer*, for Appellant.

*W. B. Higby and W. S. McFadden*, for Respondent.

By the Court, SHATTUCK, J.:

There were a number of questions presented upon the argument of this cause which it is unnecessary to consider. The point in controversy, arising on the allegations of the complaint, is, who owned the personal property mentioned in the complaint at the time of its alleged conversion by the defendant? By the answer and replication, however, a question of tenancy of real property is raised, and the main question of title to personal property thus involves the determination of what was the relation of the respective parties to the land described in the answer.

It is agreed that the personal property in controversy was a part of the produce, for the year 1874, raised on the farm called, in the pleadings and evidence, the John Lloyd Donation Claim. The defendant claims said property on the ground that he became the owner in fee of said farm in March, 1874, by a warranty deed from John Lloyd, the owner, whereby he became entitled to this produce as the rents, issues and profits of said farm. The plaintiff claims said produce, because, she says, that John Lloyd, on the seventh day of December, 1872, made an agreement by parol with his son William Lloyd, plaintiff's former husband, whereby, in consideration of love and affection, and the further consideration that William would pay the annual tax on said land, he, John Lloyd, leased and demised said premises to said William for and during the life of said John; that thereupon said William paid the taxes on said land for that year, and said John, on said 7th of December, 1872, put William into actual possession; that said William remained in possession, taking the rents, issues and profits, till October 15, 1873, when he sublet said land, or a portion of it, to one Aries Prose, for the term of one year from that date, and put Prose in possession, the rent reserved being the amount of hay and grain in controversy herein; that said William Lloyd died on the 1st of January, 1874, having made a will, bequeathing to plaintiff whatever interest he had in said land and in the rents, issues and profits thereof; that the defendant Clark had purchased

with full notice of plaintiff's claims, and subject thereto, and furthermore, that John Lloyd had reserved out of the sale to Clark the rents claimed by plaintiff for that year.

Thus the question is directly presented, What estate or interest or right in or to this land did William Lloyd acquire by virtue of this parol lease from John Lloyd, accompanied as it was by possession and payment of rent or its equivalent?

The court below, by the instructions given, and by the refusal to give those asked by plaintiff, seemed to assume that the transactions of John and William Lloyd created a tenancy for life, which was terminated by the death of William, or, if not a tenancy for life, no more than a mere tenancy at will, and that no notice to quit was required; and that the plaintiff had no right to any share in the crop of 1874, unless it had been sown before William's death, or had been expressly reserved to her by John Lloyd when he sold to Clark.

We think the court below erred in holding this view of the case. An estate for life cannot be created, transferred or declared by parol (Statute, page 264, § 771); but a parol lease for an indefinite time, or even for life, accompanied by possession and the payment of rent, is not for all purposes void; some benefit or estate inures from such a transaction to the tenant. Under the old rule the tenancy would probably be deemed one merely at will.

The better and later authorities, however, hold that such tenancies are constructively taken to be tenancies from year to year. (4 Kent's Com., 10th ed. 128.) Washburn (1 Washb. on Real Prop. 396) declares that "it will be sufficient to establish a tenancy from year to year to show an entry made under a general letting or a letting for an indefinite time, and either an agreement to pay rent, measured by the year or its aliquot parts, or an actual payment of rent; * * * and such tenancy, once established, will continue until determined by notice to quit or some other sufficient legal cause."

Taylor (Landlord and Tenant, § 56) states the rule to be, that "a person who holds as tenant at will, on

payment of rent, which is accepted as such by the owner, becomes a tenant from year to year."

This point, thus stated, is strongly supported by the authorities cited by these learned authors, and we deem further citation of authorities unnecessary.

Now, in this case, the facts are that William Lloyd paid the first year's taxes (the rent stipulated by the parties) and was in full possession at the commencement of the second year. It is true he had sublet to Prose, but he retained possession of the pasture lands and general control over the premises, and the possession of Prose must be regarded as the possession of William. He then paid the taxes for the second year, and remained in possession nearly a month from the commencement of that year to the time of his death.

We do not wish, however, to be understood by this opinion as construing the statute of this State relating to forcible entry and detainer. (Mis. Laws, ch. 23, § 11.) That statute (Subs. 2d, § 11) seems to regard a tenancy existing "without any written lease or agreement therefor," as determinable by notice, and in case of agricultural lands (§ 13) a notice of ninety days is required.

There is no pretense in this case of notice to quit, nor has counsel on either side relied on this statute or invoked the opinion of the Court as to its construction or application.

But applying the general principles and rules above announced to these facts, it must be held that William had in the land an estate and a right to the continuous possession of it for that current year, to terminate December 6, 1874.

This interest or estate which William thus had was neither forfeited nor terminated by his death, but it passed to his representatives. (Mis. Laws, § 14, pp. 547, 548, 550.) The plaintiff, as the legatee of William Lloyd, took and succeeded to his rights and interests, and was entitled, as against John Lloyd, to hold the premises the remainder of the year, and to have and enjoy the rents, issues and profits thereof.

The defendant Clark appears by the evidence to have bought with full notice of the transactions between John and William Lloyd and of the facts above referred to. Assuming that to be the fact, he took the land subject to plaintiff's right of possession during the year and to her right to take the rents and profits, notwithstanding his deed with full recitals and warranty. The subtenant Prose appears to have performed his part of the agreement with William Lloyd, and to have delivered the share of the crop to which William or his representatives were entitled at the appointed place, and this is the property in controversy. The defendant, in converting it to his own use, converted what was not his own, and should be held to account therefor.

It follows from these views that the judgment below should be reversed and a new trial ordered.