## *CONNECTICUT MUTUAL LIFE INS. CO. v. WILSON SKINNER ET AL.

GRANTORS OF LAND FOR NATURAL LIVES TAKE FEE SIMPLE.

> M. P. S. conveyed to W. S. and A. J. S., husband and wife, certain real estate in the following form, "do give, grant, bargain, sell and convey unto the said grantee and their heirs, the following described premises, situated in the county of Hancock, and state of Ohio, and known as the west half of the south-east quarter of section nine (9), township two (2) north, range eleven east, etc. All the lands here conveyed are to be held and enjoyed by the said Wilson Skinner and Abbey J. Skinner, his wife, during their natural lives, and at their decease are to go and pass to their heirs." Held: That W. S. and A. J. S. took an estate in fee simple by virtue of the rule in Shelley's case.

APPEAL from the Court of Common Pleas of Hancock county.

MOORE, J.

This suit is brought to foreclose a mortgage executed by Wilson and Abbey J. Skinner, husband and wife, to the plaintiff. The mortgagors obtained title to the real estate mortgaged through a conveyance from Morris P. Skinner and wife.

Abbey J. Skinner is dead, Wilson Skinner is in default of answer. The defendants Milo M., Morris P. and Charles B. Skinner, are the children and only heirs at law of Abbey J., and as such have answered claiming title to the real estate described in the mortgage by virtue of the conveyance from Morris P. Skinner and wife, to Wilson and Abbey J. Skinner. The sole question to be determined is the construction to be placed upon the deed named.

The following is a copy of the deed in so far as it concerns the question to be disposed of in this suit:

### "WARRANTY DEED.

"Know all Men by these Presents, That Morris P. Skinner and Jane M. Skinner, his wife, the grantors, for the consideration of eight thousand dollars ($8,000) received to their full satisfaction of Wilson Skinner and Abbey J. Skinner, the grantees, do give, grant, bargain, sell and convey unto the said grantees, their heirs, the following described premises: situated in the county of Hancock and state of Ohio, and known as the West half of the South-east quarter of section nine (9), township two (2), North range eleven (11) East (and other lands). All the lands above conveyed are to be held and enjoyed by the said Wilson Skinner and Abbey Jane Skinner, his wife, during their natural lives, and at their decease are to go and pass to their heirs, be the same more or less, but subject to all legal highways. To have and to hold the above granted and bargained premises, with the appurtenances thereunto belonging, unto the said grantee, his heirs forever. And we, the said grantors, do for us and for our heirs, executors and administrators, covenant with the said grantees, his heirs, that at and until the ensealing of these presents we were well seized of the above described premises as a good and indefeasible estate in fee simple, and have good right to bargain and sell the same in manner and form as above written; that the same are free and clear from all incumbrances whatsoever, and that will warrant and defend said premises, with the appurtenances thereunto belonging, to the said grantees, their heirs forever, against all lawful claims and demands whatsoever."

* This decision was affirmed by the supreme court, without report, October 31, 1893. It is cited by the common pleas in Torl in Artz. 6 Ohio Dec., 440.

It is claimed on the part of the plaintiff that the grant in the deed, together with the super-added words following the description are words of limitation, to be used in their technical legal sense, and that the rule in "Shelley's case" is to be applied, and the grantees Wilson and Jane M. Skinner took an estate in fee simple.

On the part of the defendants it is claimed that the super-added words limits and qualifies the grant and clearly indicate that the word "heirs" was not intended to be used as words of limitation—but as meaning the joint heirs of Wilson and Abbey J. Skinner, which could be no other than their children, and that the conveyance should be so read and construed, and hence not within the rule in Shelley's case.

It would be neither interesting or profitable to follow counsel through the labyrinth of learning indulged in—nor is it necessary to discuss the question of the propriety of the rule in Shelley's case. It is sufficient to say that as to deeds it is the rule adopted by the courts of Ohio and will likely remain such until abrogated by legislative action, as was done in the case of wills.

The rule to which I have referred, as stated by Mr. Preston and approved by Chancellor Kent, is: "When a person takes an estate of freehold, legally or equitably, under a deed, will or other writing, and in the same instrument there is a limitation by way of remainder, either with or without the interposition of another estate of an interest of the same legal or equitable quality, to his heirs, or heirs of his body, as a class of persons to take in succession, from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate."

There are exceptions to the rule, as where the grantor annexes words of explanation to the word "heirs," as to the heirs of A. now living showing thereby that he meant by the word "heirs" a mere *descriptio personarum*, or specific designation of certain individuals, or where the grantor super-adds words of limitation, and a new inheritance is grafted upon the heirs or grantees who take the estate. 4 Kent, 22.

It might well be added here, that it is well settled that the words "heirs" or "heirs of his body" are to be construed as words of limitation, and not of purchase, and that the words "child" or "children" are to be construed as words of purchase, and not of limitation.

In the case under consideration, the claim is made that the term "heirs" is used not in its legal technical sense, but is so qualified by the super-added words as to apply to the children of Wilson and Abbey J. Skinner, and should be construed as words of purchase and not of limitation.

There is no condition engrafted upon the conveyance. The grant is to Wilson Skinner and Abbey J. Skinner and their heirs. The words "all the lands above conveyed are to be held and enjoyed by the said Wilson Skinner and Abbey Jane Skinner, his wife, during their natural lives, and at their decease are to go to their heirs," neither enlarges, limits or qualifies the grant. It does not control, and if it did it conveys no meaning other than expressed by the grant itself.

There is nothing in the language employed from which it can be inferred that the grantor intended to describe particular individuals, as the children of the grantee. It is not *descriptio personarum*

It may be said that Morris P. Skinner did not intend to create a fee in Wilson and Abbey Skinner. He may not have. He has, however, used words, which in law mean that. We must take what he said—and give it the construction which the law has pronounced upon it. We can do no better in this connection than to repeat what is said in one of the authorities cited. That is, "While the intention of the testator- -(in this case the grantor), if consistent with law, is undoubtedly to be the polar star, yet we are bound to take as our guides those general rules or canons of interpretation which have been adopted and followed by those who have gone before us. Security of titles requires that no mere arbitrary discretion should be exercised in conjecturing what words the testator would have used or what form of disposition he would have adopted had he been truly advised as to the legal

effect of the words employed. That would be to make a will for him instead of construing that which he has made."

It may be said that no arbitrary discretion or forced construction is to be employed to either bring the conveyance within or to take it out of the rule in "Shelley's case." It is hardly necessary to state that the omission of or rather the erasure from the blank form of the words "and assigns," is of no moment whatever. Such words neither determine or fix the character or *quantum* of the estate granted.

Counsel for the defendant have called the attention of the court to the case of Smith v. Hankins, 27 O. S., 371, the syllabus of which states the case and the holding sufficiently. It reads:

"J. conveyed to his son T. 'and his heirs' a house and lot, 'to have and to hold the same to the said T. during his natural life, and after his death to his heirs forever; provided that if the said T. shall die without children, then to revert and vest in the heirs of J.' T. survived his father and died without children. Held: that T. took under the deed a fee, qualified with the condition that if he died without issue, the fee should go to the heirs of J., and that on the death of T., the plaintiff, his widow, took no estate from her husband either as heir or as widow."

It will be observed that this conveyance was coupled with a condition, that in the event the grantee should die without children, then the estate should revert to and vest in the heirs of the grantor. The court say in the opinion: "The property is conveyed in the granting clause to Thomas and his heirs, but the fee thus granted in general terms by the more specific language that follows is explained so as to mean a fee qualified with the condition that if he died without issue it should go to and vest in the heirs or issue of the grantor." No such terms or condition is used in the conveyance under consideration.

Reference is also made to the case of King v. Beck, adm'r, etc., 15 O., 559. An examination of the condition in the devise clearly shows that it was the manifest intent of the testator to have it read "child or children," and the court could well hold as it did. That a devise of realty to one and his heirs, to be used by the devisee for life, with remainder over to a third person, will not vest the fee in the devisee under the rule in Shelley's case, if such construction would defeat the manifest intentions of the testator. The words "heir or heirs" in a will, if such was the clear intent of the testator, may be construed "child or children," and they will take as purchasers.

The case of McFeely's Lessee v. Moore's Heirs, 5 O., 464, is more nearly in point.—Both parties claimed under the will of John Hale. The devise was in the following words: "To my son Walter, I give and bequeath, as also to Phebe, his wife, the use of two lots; but at their decease, my will is, that these two tracts of land descend to their heirs, to whom I bequeath the same, to have and to hold said tracts to their heirs and assigns forever." The plaintiff claimed title from the heirs of Walter and Phebe Hale. The defendant's title arose from the grantee of Walter and Phebe Hale. The court held that Walter and Phebe Hale had, under the devise, a fee simple in the land. The court in commenting upon the rule under which the holding was made, uses this language: "If its policy be doubted, let the legislature be called to act; but if we should disregard a rule, which has prevailed so widely and subsisted so long, it would be an unfaithful interpretation of the law."

The legislature has acted in relation to wills—but as to deeds the rule in Shelley's case remains as a rule of property in Ohio.

Keeping in view the authorities, we are of opinion that the grantees of Morris P. Skinner to-wit: Wilson and Jane M. Skinner, took an estate in fee in the premises conveyed.

Decree for plaintiff as prayed for.

Burket & Burket and Charles E. Barrett, for plaintiff.

A. Blackford, for defendants.