[Filed January 2, 1888.]

# I. R. DAWSON, ASSIGNEE, APPELLANT, v. PERINE GEORGE MARIA, ET AL., RESPONDENTS.

GARNISHEE—ANSWER OF.—The answer of a garnishee which simply denies in *hæc verba* the allegations of the complaint does not raise an issue, and the complaint will be taken as confessed, and judgment rendered against the garnishee, where it appears that such denials were deliberately made.

SAME.—Doubtful and evasive answers should be taken against the garnishee. (Drake on Attachment, § 377; Wade on Attachment, § 633.)

APPEAL from Douglas County. Reversed.

*W. R. Willis,* and *J. W. Hamilton,* for Respondents.

*R. Williams,* and *Milton W. Smith,* for Appellant.

THAYER, J.—This appeal comes here from a judgment of the Circuit Court for the county of Douglas, rendered in garnishee proceedings.

It appears that the firm of Anlauf Bros. became insolvent, and made an assignment to the appellant I. R. Dawson, for the benefit of creditors. That said assignee thereupon commenced an action at law in said Circuit Court against said Perine George Maria and others, designated as partners under the company name of Maria & Co., and that subsequently appellant, as such assignee, recovered a judgment in said action against said Perine George Maria and others, for the sum of $2,014.32, damages and costs, and thereafter caused an execution to be issued upon the said judgment to the sheriff of said county of Douglas, who served a certified copy of the same upon said respondents, together with a written notice, specifying, in effect, that by virtue of the said execution he levied on all moneys, credits, and property, of whatsoever nature, in their hands, or either of them, belonging to the defendants, in the writ of execution, or either of them, then, or to become due, and especially the sum of $2,150, the balance due the said defendants on account for the wood which they cut on the Roger De Loney place, in said county, and sold to respondents, under the firm name of Krewson & Co., and for which they owed defendants an unpaid

balance of $2,150. The respondents, by the said Joseph Cellers, furnished to the said sheriff a certificate, in response to the said notice of garnishment, in which they denied that the firm of Krewson & Co. owed the said defendants anything at all, stating therein, in substance, that they never had been, and were not then, in any way indebted to said Maria & Co., in any sum whatever, and had not in their possession, or under their control, any property, money, or credits whatever, or under the control or in the possession of either of the members of the firm of Krewson & Co., belonging in any way to said Maria & Co.

The appellant, not being satisfied with the said certificate, procured an order from the said court, requiring the respondents to appear for examination touching said matter, and filed allegations and interrogatories in the proceeding thereon. The following is the substance of the amended allegations so filed: That the appellant obtained the judgment against the said defendants; that it remained unpaid; that the execution was issued upon the judgment and placed in the hands of the sheriff, and the proceedings had thereon, as before mentioned; that the certificate was unsatisfactory to appellant, and was the only one furnished; that the said respondents were at the time of the service of the said execution, which was on the eighth day of May, 1885, indebted to a part of the defendants, viz., G. Gotardi, G. Venturini, V. Dominico, A. Mazza, B. Venturini, P. Dominico, B. Ventuini, G. Mazza, and P. Stetani, in the sum of $2,150, on account for wood which said defendants cut and piled on the premises of one Roger De Loney, in Pass Creek Canyon, Douglas County, State of Oregon, amounting to about 1,200 cords. That said defendants, on or about the ——— day of May, 1883, under the firm name of Gotardi & Co., then and there, on said premises of said Roger De Loney, in said Pass Creek Canyon, sold and delivered to the said garnishees, J. W. Krewson and Joseph Cellers, as partners, under the firm name of Krewson & Co., the whole of said wood, for the agreed price of $2.50 per cord for said wood, less the sum of ten cents per cord for stumpage, for all of said wood which the said defendants should haul to the railroad track for the said garnishees; and $2.50 per

cord, less ten cents per cord for stumpage, and sixty-five cents per cord for hauling, for all of said wood which the said defendants should not haul. That said defendants hauled to the railroad track, for said garnishees, 100 cords of said wood, and did not haul the 1,100 cords thereof; and that thereby said garnishees became indebted to, and promised to pay defendants as partners, under the firm name of Gotardi & Co., the full sum of $2,150. That said garnishees furnished to defendants, under said firm name of Gotardi & Co., goods, wares, and merchandise of the value of $200, and not exceeding that sum, for which they were entitled to a credit on the said indebtedness, and that they had paid defendants no greater sum thereon at the time the notice of garnishment was served upon them. And the appellant demanded judgment against respondents, said garnishees, that they be required to answer under oath concerning the purchase of said wood, and that the appellant have judgment against them for $2,150.

To the said allegations the said garnishees answered, denying that appellant recovered any judgment as alleged, or caused an execution to issue thereon, or that it was served upon the garnishees, or that they were indebted to the defendants named in the sum claimed, or in any sum, on account for wood cut as alleged.

The respondents also made the following denials: "Denies that said defendants last above named, on or about the ———— day of May, 1883, or at any other time, under the firm name of Gotardi & Co., or any other firm name, then and there, on said premises of the said Roger De Loney, in said Pass Creek Canyon, in Douglas County, Oregon, sold and delivered to the said garnishees, J. W. Krewson and Joseph Cellers, as partners under the firm name of Krewson & Co., or otherwise, the whole of said wood, or any part thereof, for the agreed price of $2.50 per cord for said wood, less the sum of ten cents per cord for stumpage, or any other price, for all or any of said wood which the said defendants should haul to the railroad track, or elsewhere, for said garnishees, or $2.50 per cord, less the sum of ten cents per cord for stumpage, and sixty-five cents per cord

for hauling, or any other price, for all or any of said wood which the said defendants should not haul. Denies that said defendants hauled to the railroad track, or elsewhere, for the garnishees, 100 cords, or any part thereof, of said or any wood. Denies that thereby, or otherwise, the said garnishees, J. W. Krewson and Joseph Cellers, as partners under the firm name of Krewson & Co., or otherwise, became indebted to, or promised or agreed to pay to the last aforesaid defendants, as partners under the firm name of Gotardi & Co., or any other firm name, the full and just sum of $2,150, or any part thereof. Deny that they now owe the full and just sum of $2,150, less the credit for the aforesaid goods, wares, and merchandise, or any part thereof."

Thereafter said cause came on for trial, and the said allegations, interrogatories, and answers thereto were submitted to the said Circuit Court, and whereupon the said court found that the appellant, as such assignee, recovered the judgment mentioned in said allegations against the parties, at the time, and for the amount therein alleged; that the execution was issued, levy made, and notice given, as also alleged in said allegations. Also, that on or about May 20, 1883, said respondents purchased of a company of Italians, doing business under the firm name of Gotardi & Co., about 600 cords of wood cut by said Gotardi & Co., on the premises of Roger De Loney, in Pass Creek Canyon, in Douglas County, Oregon, of the reasonable price and value of $1,060; that respondents paid on the purchase price of the wood, in goods, wares, and merchandise, the sum of $233.36, and that nothing more had been paid on said purchase price; that there was on the eighth day of May, 1885, and still was due said firm of Gotardi & Co. from respondents, the sum of $816.64; that no evidence was offered or admitted on the trial of the case, showing or tending to show the names of the persons comprising said firm of Gotardi & Co., and that the court was unable therefrom to determine; and that no evidence was offered or admitted on the trial showing, or tending to show, that on May 8, 1883, or at any time, the respondents were indebted to a part of the defendants in said execution, consisting of the several defendants therein, before named, or either of

them, on account, for wood, as alleged in said allegations, or that said defendants referred to, on the ——— day of May, 1883, or any other time, under the firm name of Gotardi & Co., or any other firm name, sold said wood, or any wood, to respondents; that G. Gotardi, named as one of the defendants in said action by the appellant as assignee, was the senior member of the firm of said Gotardi & Co., but that from the evidence in the case, the court could not find who the other members of said firm of Gotardi & Co. were, but that the evidence did show that there were ten men in said firm.

In a subsequent finding by the court, it was found that the contract between the respondents and Gotardi & Co., in reference to the sale and purchase of the said wood, was in writing, though the writing was not in evidence at the trial; and the court found that the evidence as to its contents was indefinite. From these findings of fact, and others, which do not affect the merits of the question involved, the court found as conclusions of law that the respondents were not liable upon the garnishee proceeding; that under the evidence in the case the respondents, at the time of the service upon them of the copy of the execution and notice, had no property of the defendants in the writ, or any of them, liable to execution, and were not owing said defendants, or any of them, any sum of money, and that the respondents were entitled to a judgment against appellant for their costs. Upon which findings the judgment appealed from was entered.

The main question presented upon the argument for our consideration was that the respondents, in their answer to the allegations, failed to deny that the several defendants, whose names are set out in the allegations, and were alleged therein to have sold the wood under the firm name of Gotardi & Co. to the respondents, were not the members of said last-named firm.

The allegation is, that the defendants named, on, etc., under the firm name of Gotardi & Co., on the premises of Roger De Loney, in Pass Creek Canyon, etc., sold, etc. The respondents deny that the defendants named, on, etc., or at any time, under the firm name of Gotardi & Co., or any other firm name, on the premises of Roger De Loney, in Pass Creek Canyon, etc., sold,

etc. The denial is almost in the precise language of the allega-
tion. Strictly, it only amounts to a denial that the particular
defendants, under any firm name, on the premises of Roger De
Loney, in Pass Creek Canyon, sold to the respondents the wood.
If the denial had been put in the shape it is through inadvert-
ence, I should not have deemed the question raised as entitled
to any consideration. But under the circumstances of this case,
it indicates method. Its lack of fullness and explicitness smacks
of design. The members of the firm of Gotardi & Co. were a
gang of Italian wood-choppers, with unpronounceable names,
only one of whom, according to the testimony of J. W. Krewson,
given in answer to one of the interrogatories filed with the
allegations, could speak good English, that was Gotardi himself.
The appellant, nor the creditors he represented, could be expected
to know them. But the respondents did know them. At least
they dealt with them, purchased the wood of them, and are pre-
sumed to have known them. And it is quite evident that the
respondents sought to take advantage of this condition of affairs,
and framed their answer in view of that object.

The appellant's allegation, as to the sale of the wood to the
respondents, does not, in direct terms, state that the defendants
named were the members of Gotardi & Co., but that is the neces-
sary inference to be drawn therefrom; and the only ingenuous
mode of answering it would have been to deny that they were
such members, and to have pointed out who were the members
thereof. The respondents occupied the position of stake-holders
in the affair; they had no interest in preventing the application
of the debt to Gotardi & Co. from being applied upon the debt
due from Maria & Co. to Anlauf Bros., further than to protect
themselves from having to pay it again to Gotardi & Co.; and
instead of filing the stinted answer, denying only in *hœc verba*
the allegations referred to, they should have disclosed the facts
of the case. That would have evinced good faith upon their part.
But they evidently determined to stand upon what they regarded
as their strict legal rights; and having chosen that course, they
must expect that a strict construction of the law will be applied
against them as well.

XV. OR.—36.

In accordance with technical rules of pleading, only the immaterial parts of the allegation referred to are denied. The respondents deny that they bought the wood of the particular defendants named; deny that they bought it of them as a firm, and deny that they bought it of them on the premises of Roger De Loney, in Pass Creek Canyon. These denials may be true, yet they do not controvert the material parts of the allegation. The defendants named may not have been the identical persons who sold the wood to respondents, and yet not affect the rights of the parties to the proceeding a particle. G. Venturini or V. Dominico may never have been a member of the firm of Gotardi & Co.; that firm may have only included the other defendants named. The denial then would be true, but wholly immaterial; or some of the defendants named may have been successors to, and assumed the liability of others who were members of the firm when the wood was purchased. Such fact might exist consistently with the denial. It may have been, and I think very likely was the fact, that no copartnership firm under the name of Gotardi & Co., or any other firm name, really existed; that the said defendants named were merely, as a matter of law, tenants in common of the wood, and that they sold it to the respondents jointly, as individuals. In that case the denial would be true, but immaterial. And the wood might have been sold to respondents at any other place than the premises of Roger De Loney. That fact would not affect the rights of the parties, nor be inconsistent with the denial. Doubtful and uncertain answers are construed against a garnishee. It has been held that where they are equivocal and evasive, the allegations would be taken *pro confesso.* (Wade on Attachment, § 377; Drake on Attachment, § 633.) Under the view here expressed, the answer of respondents must be regarded as frivolous, and insufficient as a denial to controvert the material averments in the allegations filed in the proceedings of garnishment. The judgment appealed from will therefore be reversed, and the case remanded to the said Circuit Court, with directions to enter a judgment therein in favor of the said appellant for the sum of $816.64, found due from the respondents to Gotardi & Co., together with the inter-

est thereon at the rate of eight per cent per annum, from the eighth day of May, 1885, and the costs and disbursements of the said proceeding, and that the appellant recover his costs and disbursements in this court.