[Filed June 7, 1888.]

## I. W. CASE, Respondent, E. A. NOYES, Garnishee, Appellant.

Remedy—Garnishment.—The remedy by garnishment is surely statutory, and to make it available the essential requisites of the statute must be complied with.

Garnishee—Service of Allegations and Interrogatories.—After a garnishee has been required to appear and answer, and before the day fixed for that purpose, or within a time to be specified in the order, the plaintiff may serve upon him written *allegations* and interrogatories, and without such *allegations* there is no foundation for any further proceedings against such garnishee.

Allegations—Against Garnishee.—The allegations provided by the Code were designed to enable the plaintiff to bring upon the record the cause of action which the original defendant had against the garnishee, and to which the plaintiff has become subrogated by virtue of the attachment.

Interrogatories—Answers.—The answers which the garnishee is required to make to the interrogatories which must be served with the allegations were designed to further aid the plaintiff in bringing distinctly and clearly before the court the facts in relation to the property attached in the hands of the garnishee, and might be used as evidence upon the trial against the garnishee.

Garnishment—Mode of Trial.—Proceedings against a garnishee on an attachment or execution issued in an action at law is strictly a proceeding at law, and the mode of trial is the same as in an action at law. It is in no sense equitable, and the mode of trial in a suit in equity cannot be resorted to.

Appeal from Clatsop County.

*Fulton Brothers,* for Respondent.

*C. H. Page, Raleigh Stott,* and *C. B. Bellinger,* for Appellant.

STRAHAN, J.—It appears from the transcript in this case that on the twenty-third day of December, 1885, the respondent commenced an action in the Circuit Court of Clatsop County, Oregon, against the Sea Side Packing Company, a private corporation, and William Kyle, on a promissory note payable to Kyle for $637.50, and by him indorsed to the plaintiff. The plaintiff on the same day caused a writ of attachment to be issued in said action and served the same on the appellant Noyes, with notice that any money or property in his hands belonging to the packing company was attached, and requiring him to make a certificate of such money or property. The garnishee made return that he did not have in his possession any money or property of any kind belonging to the packing company. On the thirty-first day of December, 1885, the plaintiff filed his petition showing the foregoing facts, and alleged that the statement and certificate made by Noyes was unsatisfactory to him, and alleged therein that he had in his possession at the time the writ was served one thousand dollars, the property of the packing company, and asking that an order be made requiring Noyes to appear before the court and be examined concerning the same.

Based on said petition the circuit judge made an order requiring Noyes to appear before the Circuit Court of the State of Oregon, for the county of Clatsop, on the eleventh day of January, 1886, at the hour of eleven o'clock of said day, then and there to answer under oath concerning his indebtedness to the Sea Side Packing Company, and concerning any goods, chattels, credits, or property he had in his possession or under his control, owing or belonging to it, on the said fifth day of January, 1886. On the eighth day of January, 1886, the plaintiff caused six interrogatories to be served upon the garnishee, and on the eleventh, Noyes answered said interrogatories. On the same day on motion of plaintiff's attorneys it was ordered by the court that this cause be referred to C. R. Thompson, to take and report the testimony of the court at the next term.

The time for taking the evidence was extended from time to time till May 1, 1887. On the fifth day of October, 1887, by stipulation of the parties, the plaintiff was allowed to file a sub-

stituted reply to the answer of said garnishee as a substitute for the original reply which had been lost. This reply is to each and every answer of said garnishee, E. O. Noyes, to interrogatories numbered 1, 2, 3, 4, and 5, and it says said answers are not true, and it denies the same. The reply to the answer to interrogatory 6 is a narrative statement.

The circuit judge made and filed a number of findings, and on the thirteenth day of September, 1887, in vacation, entered a final judgment against the garnishee for five hundred dollars, from which he has appealed to this court. The appellant in his notice of appeal assigns numerous errors, only a part of which will be noticed. One assignment is: The interrogatories and allegations in said cause did not state or charge a cause of action. The proceeding by process of garnishment is purely statutory, and to give it any validity the substantial and essential requirements must be complied with.

After the allowance of the order and before the garnishee shall be thereby required to appear, or within a time to be specified in the order, the plaintiff may serve upon such garnishee written *allegations* and interrogatories touching any of the property liable to attachment as the property of the defendant, as provided in subdivision 3 of section 149, and to which such garnishee is required to give a certificate as provided in section 152, Oregon Code. Sections 164 and 165 of the Code make it the duty of the garnishee, on the day when he shall be required to appear before the court or judge thereof, to return the *allegations* and interrogatories of the plaintiff to the court or judge with his written answer thereto, unless for a good cause shown a further time be allowed. Such answer shall be on oath, and shall contain a full and direct response to all the *allegations* and interrogatories. Sections 166, 167, and 168 relate to the further procedure and the formation of issues to be tried between the plaintiff and the garnishee, and the issues arising thereon shall be tried as ordinary issues of fact between plaintiff and defendant.

1. The plaintiff by this proceeding against Noyes as garnishee is endeavoring to assert the rights of the Sea Side Packing

Company against him, and he can assert no other rights unless it appeared that the garnishee had effects of the defendant which he held fraudulently. (Drake on Attachments, § 458;. *Oregon Ry. & N. Co.* v. *Gates*, 10 Or. 514; *Baker* v. *Elgin*, 11 Or. 333.) And the same doctrine is stated with more directness and particularity by Waples on Attachment, page 343. He says: "The plaintiff virtually sues the garnishee for a debt due the defendant by the process of garnishment. He takes the shoes of the latter and asserts the rights which the latter has against a third person. He has to make out the case against the garnishee (when he is permitted to do so), unless the indebtedness to the defendant be admitted by the garnishee." At page 347, the same author says: "The plaintiff is legally (though hypothetically) subrogated to the right of action which his debtor has for the recovery of property or credits due the debtor. He sues for such property or credits in his own name, but upon the cause of action acquired by such legal subrogation. He can recover no more than his debtor might have recovered. . . . ."

These elementary citations sufficiently show the nature of this proceeding, and in some measure indicate what would be necessary to its successful prosecution. Under the Code the plaintiff in the original action by the process of garnishment becomes a plaintiff or actor against the garnishee. If the certificate which the garnishee is required to give proves unsatisfactory to the plaintiff, thereafter the proceedings by the plaintiff are in the nature of an action and strictly adversary. The *allegations* provided by the Code are designed to enable the plaintiff to bring upon the record the cause of action which the original defendant had against the garnishee, and to which the plaintiff has become subrogated by virtue of the attachment. Said *allegations* must therefore contain the essential elements of a good cause of action against the garnishee, and which existed in favor of the defendant at the time of the garnishment. The interrogatories and answers thereto are simply designed to assist the plaintiff in making proof of such cause of action as is contained in his allegations against the garnishee. The cause of action which the plaintiff acquires by virtue of the garnishment includes

the right to reach by the process every attachable interest mentioned in subdivision 3, section 149 of the Code belonging to the defendant in the action.    Of course the garnishee may at once relieve himself by transferring or delivering the property or paying the debt to the sheriff.

2. The remedy by attachment and garnishment is purely statutory, and to make them available to a party the substantial requirements of the statute must be complied with.    The court has no power to enlarge or extend them beyond the letter of the statute.  (2 Wade on Attachment, §333; Waples on Attachment, pp. 24, 321.)

3. In this case no *allegations* whatever were served or filed. This essential and fundamental requirement could not be omitted or neglected by the plaintiff.    Without such allegations there is nothing in the case requiring an answer from the garnishee, or upon which a judgment could be rendered against him.

4. Something was said upon the argument as to whether this proceeding is in the nature of an action at law or a suit in equity. The evidence is in writing and accompanies the transcript, and it was suggested we might examine and retry the questions of fact.    The conclusions reached render it unnecessary to decide this question; but we may as well add that in case of a garnishment, whether upon an attachment or execution in an action at law, the proceeding is strictly at law and not in equity, and the issues of fact arising therein shall be tried as ordinary issues of fact between plaintiff and defendant    (Or. Code, § 168.)

The judgment rendered against the garnishee must therefore be reversed and the cause remanded, with directions to discharge him.

NOTE.—For petition on rehearing, see page 539.