[Filed December 19, 1888.]

I. W. CASE, RESPONDENT, v. E. A. NOYES, GARNISHEE, APPELLANT.

GARNISHMENT — ALLEGATIONS AND INTERROGATORIES. — Section 164 of Hill's Code requires that plaintiff, after obtaining the order on the garnishee to answer, and before such garnishee is required to appear, or within a time to be specified in the order, shall serve on such garnishee written allegations and interrogatories, and the plaintiff cannot, after such time has expired, file such allegations and interrogatories, nor can the affidavit, used before the judge to obtain the order on the garnishee to answer, be treated as such allegations.

On petition for rehearing. For previous opinion, see page 329.

STRAHAN, J. — (1) A rehearing was allowed for the purpose of further considering the main question decided, as well as the propriety of remanding the cause to enable the plaintiff to apply for leave to amend his proceedings against the garnishee. The cause has been argued on both points, and upon full consideration, we find no cause to change the opinion already filed in the cause. (2) Amendments ought to be liberally allowed in furtherance of justice.

The spirit, if not the letter of the Code, requires this, but in this case there is nothing to amend. No allegations whatever were filed, and in such case it is not perceived how there could be an amendment. Counsel for the respondent insists that the affidavit used before the judge to obtain the order on the garnishee to answer might be treated as *allegations* within the meaning of the Code; but we think otherwise. Such affidavit cannot supply the office of a pleading which the Code expressly requires in the case.

The plaintiff could not now be permitted to file allegations without disregarding the plain requirements of the Code. After the plaintiff obtained his order on the garnishee to answer, and *before* such garnishee was thereby required to appear, or within a time to be specified in the order, the plaintiff was bound to serve on such garnishee, written allegations and interrogatories. (Hill's Code, § 164.) The time fixed for such service has long since elapsed, and it is not perceived on what principle the court could now permit it to be done, and treat such allega-

tions as an amendment of something that never had any existence. It would be a misnomer to call it an amendment. Instead of an amendment, it would be the making of a new case after the time limited in the statute for that purpose.

We doubt the power of the court by calling the proceeding an amendment, to extend and enlarge the provisions of the Code referred to. Besides this, a garnishee is brought by virtue of the coercive power of the court over his person, and disobedience of the order to appear is punishable as a contempt.

In such case I think the garnishee is in court for the particular purpose specified in the statute, and if the plaintiff would succeed against him he must substantially follow the statutory requirements. I am unable, therefore, to perceive any error in the former opinion, and it must be adhered to.

---

NOTE.—This opinion in *Miller* v. *Tobin* was inadvertently omitted from volume 15 Oregon, the opinion on rehearing only being reported on page 595 of that volume.