[Argued November 1, 1892; decided November 21, 1892.]

## B. M. SMITH *v.* CONRAD ET AL.

[S. C. 31 Pac. Rep. 398.]

GARNISHMENT — JURISDICTION — INTERROGATORIES.— The allegations required by Hill's Code, ¿ 164, which provides that before a garnishee shall be required to appear plaintiff may serve on him written allegations and interrogatories touching any of the property liable to attachment as the property of defendant, are in the nature of a complaint, and, where they are not filed, no valid judgment can be rendered against the garnishee, though he waive service of such allegations.

Multnomah County: E. D. SHATTUCK, Judge.

Defendants appeal.    Affirmed.

Ths facts in this case are as follows :

One Rudolph Nemitz failed in the restaurant business in Albina; and being unable to pay some importunate creditors, he was set upon and imprisoned on civil process. For the purpose of giving bail, a friend of his deposited $200 in the hands of B. M. Smith, respondent, to indemnify the surety on the bail bond against loss.    This $200 was garnished by Conrad & Schafer in Smith's hands, and he made a full answer that he owed Nemitz nothing. Plaintiffs did not make a showing that they were dissatisfied with the answer, but one of them signed a paper, in which he refers to himself in the third person, and at the end says he heartily believes it to be true.    The justice of the peace then made an order for the respondent garnishee to appear before him on the ninth of September for examination.    On the fifth the respondent appeared, and the examination was proceeded with that day before the justice.    What waiver the respondent made before the court is disputed, but there is no claim that any allegations or interrogatories were ever made, served, or filed.    Judgment was given not only against the respondent garnishee, but against another garnishee, E. C. Furgeson also, at the same time for the same money in the same proceedings.    Respondent obtained a writ of review from the circuit court and had reviewed this judg-

ment against him.    That court, after hearing full argument and discussion of the law in the premises, reversed the decision of the justice's court and annulled the judgment there against respondent.

*Dell Stuart ( Ed. C. Russell,* of counsel), for Appellants.

The alleged error which respondent had reviewed was proceeding to trial without allegations and interrogatories.    We claim these were waived.    Respondent claims that allegations and interrogatories are jurisdictional; and not that only, but that they are of so high a character, so sacred, legally speaking, that, unlike a summons or other original process, they cannot be waived.    We contend that they are mere steps in forming the issue, and not jurisdictional at all; and even if they were they might be waived.    Here are the jurisdictional steps as we understand them:    To attach a supposed debtor, the officer leaves with him a certified copy of the writ and a notice:    Hill's Code, Subd. 3, § 149.    To this the garnishee answers by a certificate (if he will), stating that he is or is not indebted:    *Idem,* § 162.

If this response is not satisfactory to the attaching plaintiff, the garnishee "may be required by the court where the action is pending to appear before him and be examined on oath concerning the same, and disobedience to such order may be punished as contempt": *Idem.*

If the foregoing steps have any legal significance, do not they conclusively presume jurisdiction ?    Is it possible for a court to "require" a person to "appear" and "be examined on oath," and "punish" him for "disobedience" if he refuses, without having jurisdiction ?    Surely not; and yet allegations and interrogatories have not been mentioned.    Not only this, but section 163, *idem,* provides that in the proceedings after the order for his appearance, "such person shall be known as the garnishee," and still they are not mentioned; nor until section 164, which provides that "after the allowance of the order, and before the garnishee shall be required to

appear, or within a time to be specified, the plaintiff may serve upon such garnishee written allegations and interrogatories," etc. When the order is obtained and served, it would seem plain, as a question of statutory interpretation, that jurisdiction of the garnishee is complete. But we are not left to the statute for a solution of this question. This court has directly sustained our position: *Carter* v. *Koshland*, 12 Or. 492; *Kinkade* v. *Myers*, 17 Or. 471; *Sealy* v. *Cal. Lum. Co.* 19 Or. 96; 1 Hill's Code, § 62.

Of course we would not claim that allegations and interrogatories may be dispensed with if either party objects. The court so held in *Case* v. *Noyes*, 16 Or. 329. But it did not hold that they might not be waived if the parties so agreed and the court consented. The statute requiring them is not imperative, viewed from the standpoint of an agreement waiving them. Its words are that the plaintiff "may" serve the garnishee with allegations and interrogatories, etc.; it does not say "shall."

We call particular attention, not only to respondent's waiver, but to the further fact that the judgment debtor was personally present and offered no objection. We have no difficulty in finding plenty of authority in our favor in similar cases: *N. C. Ry. Co.* v. *Shealey*, 45 Md. 24; *Burt* v. *Parrish & Co.* 9 Ala. 215; *Cahoon* v. *Morgan*, 38 Vt. 236; *Moody et al.* v. *Alter et al.* 12 Heisk. 142; *Harris* v. *R. R. Co.* 47 Me. 304.

Since this court has held in *Carter* v. *Koshland, supra*, that a garnishee's appearance was equal to service, it would seem superfluous to refer to decisions in other states, but one or two are so strong in the facts that we name them : *Woodfalk* v. *Whitworth*, 5 Caldw. 564; *Roy* v. *Heard*, 38 Miss. 545; *Freeman* v. *Miller*, 51 Tex. 449; *Frank* v. *Frank*, 6 Mo. App. 528.

*Victor K. Strode*, for Respondent.

We contend that the justice never obtained jurisdiction of the subject matter of the case, and that being

true it matters not whether respondent submitted his person to the jurisdiction of the court or not.

We admit that the mere service of either the order or allegations and interrogatories could be waived, but the making of the order, and the making and filing of allegations and interrogatories could not be waived or dispensed with.    They must all be before the court to give it jurisdiction to try the case and render judgment therein. This garnishment proceeding is an anomaly in legal jurisprudence.    It has no analogy or counterpart in the common law; it is purely a creature of the code, and the court can only obtain jurisdiction by the doing of the things there pointed out.

The true rule is laid down at the last of section 49, page 136, Brown on Jurisdiction: *Wolf* v. *Smith*, 6 Or. 73; *Oliver* v. *Hervey*, 5 Or. 360.    This rule applies in garnishment proceedings, and the cases hold that nothing less than a strict compliance with the statute will give jurisdiction: *Steen* v. *Norton*, 45 Wis., 412; *Wells* v. *The American Express Co.* 55 Wis. 23.

However, we claim that the case of *Case* v. *Noyes*, reported in 16 Or. 267, and opinion on rehearing, page 539, is decisive of this whole matter.    The nature of the garnishment proceeding, as well as the actual necessity of sufficient interrogatories to constitute a cause of action is exhaustively and ably discussed.    It will be noticed that in the opinion on the rehearing the court attaches but little importance to the fact that the garnishee appeared, for the reason that in that proceeding, unlike in responding to a summons, the party is compelled to appear.

BEAN, J.—The plaintiff in this proceeding was duly served with a copy of a writ of attachment in an action at law in a justice's court, together with a notice specifying that all money or other property in his possession or under his control belonging to the defendant in the action was attached; and his certificate in response thereto,

XXIII. OR.—14.

being unsatisfactory to the plaintiff, he was ordered and required by the court to appear before it on the ninth day of September, 1891, and be examined on oath concerning the same. On the fifth of the same month,— four days before the time fixed in the order,— he appeared in court, and as disclosed by the return to the writ of review, stated that he wanted to go to trial, and waived the service of allegations and interrogatories; whereupon (the plaintiff in the case consenting) the court proceeded to hear "the testimony of the parties" without allegations, or interrogatories, or pleadings of any kind, and adjudged and determined that the garnishee had "in his possession and under his control the sum of two hun-. dred dollars belonging to the execution creditor," and entered a judgment against him and in favor of plaintiffs in the action for that amount. He afterwards sued out a writ of review to the circuit court, upon which the proceedings in the justice's court were vacated and annulled, and hence this appeal.

The only question for our consideration is, whether a valid judgment can be had against a garnishee without the allegations provided for in section 164 of the Code. The proceedings are purely statutory, and the liabilities imposed and rights secured by the process of garnishment are regulated entirely by the statute, and to that we must look for the solution of the question before us. The statutes of the several states differ so radically in the mode of procedure that but little light is thrown upon this question by the decisions in other states. It is, however, generally agreed, whatever the method of procedure provided by statute, that the process of garnishment is. in effect an action or suit by the plaintiff in the principal action against the garnishee to enforce a liability existing against him and in favor of the defendant: Waples on Attachment, 343, *et seq.*; and the issue between the plaintiff and garnishee must be presented to the court for its determination in the manner provided by statute: 2 Wade on Attachment, § 364.

In *Case* v. *Noyes*, 16 Or. 329 (19 Pac. Rep. 104), and 539 (21 Pac. Rep. 46), this court, at considerable length and with much care, examined and considered the various provisions of our statute on the subject of garnishment, and the office to be performed by the allegations, and it was there held that after a garnishee had been required to appear and answer before the day fixed for that purpose, or within a time specified in the order, the plaintiff is bound to serve upon him written allegations and interrogatories, and without such allegations there is no foundation for any further proceedings against such garnishee. STRAHAN, J., said at page 332: "Under the Code, the plaintiff in the original action becomes by the process of garnishment a plaintiff or actor against the garnishee. If the certificate which the garnishee is required to give proves unsatisfactory to the plaintiff, thereafter the proceedings are in the nature of an action, and strictly adversary. The allegations provided by the Code are designed to enable the plaintiff to bring upon the record the cause of action which the original defendant had against the garnishee, and to which the plaintiff has become subrogated by virtue of the attachment. * * * In this case no allegations whatever were served or filed. This essential and fundamental requirement could not be omitted or neglected by the plaintiff. Without such allegations there is nothing in the case requiring an answer from the garnishee or upon which a judgment could be rendered against him." See also *Dawson* v. *Maria*, 15 Or. 556 (16 Pac. Rep. 413), in which the allegations in a garnishee proceeding were treated as a complaint, and a judgment ordered against the garnishee because of an insufficient answer.

It thus appears that such allegations perform the office and are in the nature of a complaint on a cause of action which exists in favor of the defendant in the original action and against the garnishee, and tender to him the only issues he is required to answer, or that the court is authorized to try. All proceedings prior to such allega-

tions are but preliminary steps leading up to the formation of an issue between the plaintiff and garnishee for trial by the court.   By the service on the garnishee of a copy of the writ of attachment and notice, as provided by law, the plaintiff obtains the right, if the certificate is unsatisfactory, to maintain an action against him upon a liability existing in favor of the defendant in the original action.   He thereby becomes, as it were, subrogated to the rights of action which the defendant has against the garnishee, and entitled to sue thereon in his own name; but this action is not commenced until the service of the allegations.   By the service of the order of the court requiring the garnishee to appear and answer at a specified time and place, jurisdiction of his person is obtained; but without the filing of the allegations the court does not obtain jurisdiction of the subject matter, and there is nothing for the garnishee to answer, and no question for the court to determine.   It follows that no waiver by the garnishee of the allegations can confer jurisdiction upon the court any more than a waiver of a complaint in an ordinary action can do so.   Before the jurisdiction of a court over the subject matter can be said to exist, it must appear that a complaint, or what stands in its place, has been submitted, invoking the action of the court upon a matter within the scope of its jurisdiction as conferred by law:   1 Freeman on Judgments, §§ 113, 119; *Garretson* v. *Hays,* 70 Iowa, 19 (29 N. W. Rep 786); *Jordan* v. *Brown,* 71 Iowa, 421 (32 N. W. Rep. 450).

No such procedure having been adopted or followed in this case, it results that the judgment of the justice's court is void, and this case is affirmed.