[Decided at PENDLETON, July 31, 1897.]

BURNS v. PAYNE.

(49 Pac. 884.)

GARNISHEE IS A "PARTY" TO AN ACTION IN A JUSTICE'S COURT.— A garnishee may appeal from a judgment rendered against him in a justice's court, under Hill's Ann. Laws, § 2117, providing that "either party may appeal from a judgment given in a justice's court," and sections 152 and 163–170, providing that a plaintiff may obtain a personal judgment against a garnishee: *Case* v. *Noyes*, 16 Or. 329, and *Smith* v. *Conrad*, 23 Or. 206, applied.

From Baker: ROBERT EAKIN, Judge.

Action by J. R. Burns against Charles H. Payne and David Eccles, garnishee. From a judgment for Eccles, plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *John Bruce Messick* and *Wm. H. Packwood, Jr.*, with an oral argument by *Mr. Messick*.

For respondent there was a brief over the signature of *Johns & Smith*.

Opinion by MR. JUSTICE WOLVERTON.

An action was commenced in the Justice's Court for District No. 1, Baker County, Oregon, by J. R. Burns against Payne, the defendant, and a writ of attachment issued September 19, 1896. Thereupon the writ and a notice of garnishment was served upon

David Eccles, and, his return thereto not proving satisfactory to plaintiff, he was required by the court to appear before it on October 6, 1896, and answer under oath touching his liability to the defendant. Eccles appeared, and answered the allegations and interrogatories served upon him by plaintiff, and when the issues were fully joined a trial was had, which resulted, on November 16, 1896, in a judgment in favor of the plaintiff, and against Eccles, for the sum of $26.90 and costs, taxed at $14.25. Prior thereto, to wit, on November 9, judgment had been rendered in the main case in favor of the plaintiff, and against Payne, the defendant, for the sum of $32.24, and $13.20 costs. Eccles appealed to the circuit court from the judgment rendered against him in the garnishee proceedings, and a motion was there filed to dismiss the appeal, based upon the ground that no appeal lies from the judgment of a justice's court rendered against the garnishee in such proceedings. This motion was overruled, and, a trial being had, the judgment against Eccles was reversed, and one rendered against the plaintiff for costs and disbursements, from which he appealed to this court, and the sole question presented is the one which arises upon said motion to dismiss the appeal.

It is contended that the statute which gives an appeal from a judgment in a justice's court is not sufficiently comprehensive in its terms to embrace a judgment rendered in a garnishee proceeding, and that it was the intention of the legislature to give an appeal from a judgment in the main case only, or from the one which determines the action, and no other. Section

2117 of Hill's Ann. Laws of Oregon, provides that "either party may appeal from a judgment given in a justice's court, in a civil action, when the sum in controversy is not less than ten dollars," etc.   It will be observed, from the wording of this statute, that it is a party to the judgment who may appeal, not a party to the action; but it may be conceded that a party to the judgment must also be a party to the action in order to entitle him to the remedy here prescribed. The statute, under the general code procedure, has provided a remedy by attachment and garnishment, and, in case where the garnishee refuses to give a certificate, or if, when given, it proves unsatisfactory to the plaintiff, it prescribes a mode by which the garnishee may be summoned to appear and answer under oath touching his liability to the defendant, or for any property which he may have in his possession belonging to such defendant and subject to garnishment.   Allegations and interrogatories may be served, and, as it pertains to the former, it has been settled that it is essential that they should be filed and served (*Case* v. *Noyes*, 16 Or. 329, 19 Pac. 104; *Smith* v. *Conrad*, 23 Or. 206, 31 Pac. 398), and the garnishee is required to file a written answer thereto, to which the plaintiff may reply, thus formulating complete issues between the plaintiff and the garnishee touching his liability to the defendant.   Upon these issues trial may be had, as upon ordinary issues of fact between plaintiff and defendant, and judgment rendered against the garnishee and in favor of the plaintiff, with the single restriction that the judgment shall not be for a greater amount than that recovered against the de-

fendant in the action, and execution may issue against
the garnishee as upon ordinary judgments.   See Hill's
Ann. Laws, §§ 152, 163–170, inclusive.

It has also been determined that the proceedings
here provided for are at law, as contradistinguished
from equity, and that the trial and manner of re-
serving questions for review in the appellate court
are governed by the rules applicable to law actions:
*Knowles* v. *Herbert*, 11 Or. 54 (4 Pac. 126); *Williams* v.
*Gallick*, 11 Or. 337 (3 Pac. 469);  *Case* v. *Noyes*, 16 Or.
329 (19 Pac. 104).   Mr. Waples says that the pro-
ceeding against a garnishee "is a judicial cause be-
tween parties.   It is begun by a summons, or its
equivalent, and results in a judgment with all the
other characteristics essential to a lawsuit."   Waples
on Attachments, par. 470.   The proceeding, it is true,
is ancillary and subsidiary to the main action, and is
undoubtedly dependent for its utility upon the final
results attained in that action;  but the garnishment
in effect subrogates the plaintiff to the rights of the
defendant in the main action, and empowers him to
sue the defendant's garnished debtor.   He takes the
shoes and asserts the rights of the defendant against
the garnishee.   "He sues for property or credits in
his own name, but upon the cause of action acquired
by such legal subrogation."   The garnishee is a party
only to the action against himself, in which the plain-
tiff urges the right of the principal defendant against
him, and is not a party to the main action.   See Wap-
les on Attachments, pars. 473–475, 477.   STRAHAN, J.,
in *Case* v. *Noyes*, 16 Or. 329 (19 Pac. 104), says: "The
allegations provided by the code are designed to en-

able the plaintiff to bring upon the record the cause of action which the original defendant had against the garnishee, and to which the plaintiff has become subrogated by virtue of the attachment." So that we have here all the characteristics of a distinct action, though subsidiary to the main case, and for the purposes of trial and appeal it has been so treated in practice, in so far as it pertains to the courts of general jurisdiction. For all essential purposes the proceeding must be regarded as an action, and such it has been decided to be, in effect, by this court (*Smith* v. *Conrad*, 23 Or. 206, 31 Pac. 398), the parties to it being the plaintiff in the main action, suing in the right of the defendant and the garnishee; and that it is a civil action no one will dispute.

The jurisdiction of the justice's court extends to the allowance of the provisional remedy by attachment in like cases as in a court of record: Hill's Ann. Laws, § 2057. For the mode and manner of making up the issues, conducting the trial, and procuring judgment, we are referred by the Justice's Code (*Id.* § 2064) to the Code of Civil Procedure, which establishes and comprehends all the provisional remedies known to the statute, and provides the manner of their enforcement. So that the mode of procedure in the garnishment proceedings is the same, whether prosecuted in the justice's court or in a court of general jurisdiction; and, if a proceeding can be regarded as an action in the latter jurisdiction, it must be so regarded in the former. In this view the garnishee, against whom the plaintiff prevails in such proceedings, is "a party to a judgment in a civil ac-

tion in a justice's court," within the meaning of the
provision allowing appeals from such judgments.
This appears to be a reasonable interpretation of
those sections of the Justice's Code pertaining to the
commencement of actions in justices' courts, the al-
lowance of the provisional remedies, and the remedy
by appeal, and in consonance with the intent of the
legislature in adopting the code.    The statute is cer-
tainly broad enough to comprehend the action pro-
moted by the garnishment, as well as the action in
the main case.    The judgment of the court below will
be affirmed.

AFFIRMED.