Argued December 10, reversed December 29, 1914.

## McLAUGHLIN *v.* AUMSVILLE MERCANTILE CO.

(144 Pac. 1154.)

**Garnishment—Nature of—Proceeding in Rem.**

1. "Garnishment" is a proceeding *in rem* to invest plaintiff with power to appropriate, to the satisfaction of a debt due him from defendant, property of defendant in the garnishee's hands, or a debt due from the garnishee to defendant.

Garnishment — Statutory Proceedings — Compliance with Statutory Remedy.

2.   Garnishment is a statutory proceeding, and one availing himself of the remedy must comply substantially with the statute relating thereto.

Garnishment—Statutory Proceedings—Jurisdiction of Court.

3.   A plaintiff in garnishment who is dissatisfied with the certificate of the garnishee, required by Section 303, L. O. L., must obtain on a proper showing an order of the court requiring the garnishee to appear at a time and place for examination as to matters stated in the certificate, and file and serve on the garnishee written allegations and interrogatories as required by Section 315, or the court will not obtain jurisdiction of the subject matter.

Garnishment—Jurisdiction—Service of Allegations—Waiver.

4.   A garnishee may, by appearance, waive the service of allegations and interrogatories required by Section 315, L. O. L., but cannot waive the filing thereof essential to confer jurisdiction.

From Marion: Percy R. Kelly, Judge.

This is a garnishment proceeding by M. A. McLaughlin and Roy H. Wassam, partners as the Salem Lumber Company, against the Aumsville Mercantile Company, defendant, and the E. M. Condit & Company, garnishee. From a judgment for plaintiffs against the garnishee, he appeals.                    Reversed.

For appellant there was a brief with oral arguments by *Mr. Alva O. Condit* and *Mr. George G. Bingham*.

For respondent there was a brief with an oral argument by *Mr. Walter C. Winslow*.

Department 1.   Mr. Justice Ramsey delivered the opinion of the court.

On July 7, 1913, the plaintiffs obtained a judgment in the Circuit Court of Marion County against the defendant, the Aumsville Mercantile Company, a corporation, for $168.30.   On July 14, 1913, the plaintiffs caused a writ of execution to issue out of said court to enforce said judgment, and placed it in the

74 Or.—6

hands of the sheriff of said county for service. On July 15, 1913, garnishment process was duly served on E. M. Condit & Co., for the purpose of levying upon, in the possession of said company, certain personal property, alleged to belong to the defendant, the Aumsville Mercantile Company. After the said garnishment notice was so served on said garnishee, the latter furnished said sheriff a certificate stating *inter alia,* that the garnishee had no property of any nature, kind or description in his possession or under his control belonging to the above-named defendant, the Aumsville Mercantile Company. After stating the foregoing facts, said certificate set forth certain facts in the nature of evidence to show that the property that the garnishee had in his possession did not belong to the defendant. The said certificate was addressed to the sheriff of said county and delivered to him by the garnishee. Said certificate was so made and delivered, on or about September 23, 1913.

On September 30, 1913, the plaintiffs filed a paper that they styled a ''reply'' to the ''answer'' of the garnishee, meaning the said certificate made and delivered by the garnishee to said sheriff, as stated *supra,* and set forth in said ''reply'' various facts as to the ownership of the property that the plaintiffs attempted to levy upon in the possession of the garnishee. This garnishment proceeding was tried upon said certificate and said ''reply'' thereto, and the trial court made findings of fact and law, and rendered a judgment in favor of the plaintiffs and against E. M. Condit & Co., the garnishee, for certain specific personal property described therein, and directed the said sheriff to take possession of said personal property under said writ of execution and to sell the same

and apply the proceeds thereof upon the judgment upon which said writ was issued, etc.

The said E. M. Condit & Co. appeals and assigns the following errors:

"(1) The court erred in ordering and adjudging that the plaintiff and respondent was entitled to a judgment against the defendant and appellant for the possession of 1 Dayton scale, 1 range, 2 iron heaters, 2 showcases, 1 cheese-cutter, and case, 1 coffee-grinder, and 1 cream-separator, or either of them.

"(2) The court erred in holding that the plaintiffs and respondents were entitled to such personal property under and by virtue of an execution or otherwise.

"(3) The court erred in ordering and adjudging that the sheriff of Marion County, Oregon, be directed to take possession of said personal property under such execution and to sell the same or any part thereof under said execution.

"(4) The court erred in not dismissing the so-called reply of the plaintiff to the answer of the garnishee herein and in not dismissing said garnishee and in not awarding to said garnishee its costs and disbursements in said proceedings had."

In the conclusions of law found by the trial court is the following:

"It is stipulated between counsel that the matter might be tried upon the answer of garnishee and reply thereto by plaintiff, and statement of counsel in court, without the necessity of submitting interrogatories and allegations."

The only question that we find it necessary to determine is: Did the court below have jurisdiction to render said judgment against the said garnishee?

1–3. "Garnishment" is in the nature of a proceeding *in rem,* since its aim is to invest the plaintiff with the right and power to appropriate to the satisfaction of a debt due him from the defendant the property

of the defendant in the garnishee's hands, or a debt due from the garnishee to the defendant. It is a purely statutory proceeding, and a person, desiring to avail himself of this remedy, must comply substantially with the terms of the statute relating thereto. The statutes of the various states, relating to the remedy of garnishment, differ greatly in their terms. In this case, the plaintiffs had obtained a judgment against the defendant, and they caused a proper writ of execution to be issued against the property of the defendant. Under a writ of execution, property is levied on in the same manner and with like effect as similar property is attached: Section 233, subdivision 4, and Sections 300, 301 and 303, L. O. L.

Under Section 303, L. O. L., when a sheriff, with a writ against the defendant applies to a person mentioned in Section 300, subdivision 3, L. O. L., for the purpose of levying on any property mentioned therein, it is the duty of such person to furnish him a certificate, designating the amount and description of any property in his possession belonging to the defendant. If such person refuses to do so, or if the certificate given be unsatisfactory to the plaintiff, he may be required by the court to appear before it and be examined on oath concerning the same. Section 314, L. O. L., provides that the order mentioned in Section 303, *supra,* shall require such person to appear before the court or judge at a time and place therein stated, and that the said person shall be known as the garnishee in the proceedings subsequent to the making of such order.

It will be observed that, if the certificate furnished the sheriff is unsatisfactory to the plaintiff, the next step for him to take is to obtain from the court or the judge thereof an order requiring the person in whose

possession the property or debt has been levied upon to appear before the court or judge thereof at a time and place stated, to be examined concerning the matters mentioned in the certificate. By Section 315, L. O. L., the next thing that the plaintiff is required to do is to serve upon the garnishee written allegations and interrogatories, touching any of the property liable to attachment, as to which the garnishee is required to give a certificate, as provided in Section 303, *supra.* By Section 316, L. O. L., the garnishee is required to return the written allegations and interrogatories to the court or judge with his answer thereto. The plaintiff may except or reply to the answer of the garnishee (Sections 318 and 319, L. O. L.). Section 320, L. O. L., provides that, if it appears, or if, upon trial, it shall be found, that the garnishee at the time of the levy had in his possession any property of the defendant subject to attachment, as provided in Section 303, beyond the amount admitted in the certificate, or in any amount, if the certificate was refused, judgment may be given against him for the value thereof in money. Section 257, L. O. L., makes Sections 313 to 332, inclusive, applicable to garnishment proceedings where the levy is made upon a writ of execution.

We have given, *supra,* a summary of the sections of the code applicable to garnishment proceedings.

The response that a person is required to make to a levy upon property in his possession belonging to the defendant is required by Section 303 to be in writing, and it is called a ''certificate.'' It is furnished to the sheriff who made the levy. It is not filed in the case as a pleading. If the party refuses to furnish a certificate, or if he furnishes one and it is not satisfactory to the plaintiff, the court may require him to

appear at a stated time and place and be examined relating to the property that the plaintiff attempted to levy on.   In this case, the garnishee furnished the sheriff a certificate stating, *inter alia,* that he had no property of any nature in his possession or under his control, belonging to the defendant.   This certificate was addressed to the sheriff and delivered to him.   It was unsatisfactory to the plaintiffs, but they did not make a showing to the court and obtain an order thereof requiring the garnishee to appear in court, at a time and place stated, to be examined on oath concerning the matters stated in the certificate, and then serve upon him written allegations and interrogatories as required by statute.   In fact, no order for the examination of the garnishee was applied for or made, and no allegations or interrogatories were served on the garnishee or filed.   Instead of obtaining the order for the examination of the garnishee and then serving on him the allegations and interrogatories provided for by Section 315, *supra,* the plaintiffs filed in the court below what was termed "a reply to the answer" of the garnishee; but the garnishee had not filed any answer in said proceedings.   All that he had done was to furnish to the sheriff the certificate required by Section 303, *supra.*   The said supposed "reply" set up certain affirmative matter.   As stated *supra,* the plaintiffs failed to obtain from the court or judge thereof any order for the examination of the garnishee, or to serve or file any allegations or interrogatories required by the statute, and hence the appellant contends, *inter alia,* that the court below did not acquire or possess jurisdiction of the subject matter of the garnishment proceedings, and that, therefore, the judgment appealed from is void.

In order that a plaintiff may obtain a valid judgment against a garnishee, he must follow substantially the requirements of the statute relating thereto.

In *Case* v. *Noyes,* 16 Or. 329, 333 (19 Pac. 104, 106), the court says, *inter alia:*

"The remedy by attachment and garnishment is purely statutory and to make them available to a party the substantial requirements of the statute must be complied with.   The court has no power to enlarge or extend them beyond the letter of the statute. * * In this case no allegations whatever were served or filed. This essential and fundamental requirement could not be omitted or neglected by the plaintiff.   Without such allegations there is nothing in the case requiring an answer from the garnishee, or upon which a judgment could be rendered against him."

And on a rehearing in said case (16 Or. 539, (21 Pac. 46), the court says:

"No allegations whatever were filed, and in such case it is not perceived how there could be an amendment.   Counsel for the respondent insists that the affidavit used before the judge to obtain the order on the garnishee to answer might be treated as allegations within the meaning of the code; but we think otherwise.   Such affidavit cannot supply the office of a pleading which the code expressly requires in the case. * * In such case * * the garnishee is in court for a particular purpose specified in the statute, and if the plaintiff would succeed against him, he must substantially follow the statutory requirements."

In *Smith* v. *Conrad,* 23 Or. 210, 211 (31 Pac. 398), the court says, *inter alia:*

"The only question for our consideration is whether a valid judgment can be had against a garnishee without the allegations provided for in Section 164 of the code (Section 315, L. O. L.).   The proceedings are purely statutory, and the liabilities imposed and rights

secured by the process of garnishment are regulated entirely by the statute, and to that we must look for the solution of the question before us. * * It is, however, generally agreed, whatever the method of procedure provided by statute, that the process of garnishment is in effect an action or suit by the plaintiff in the principal action against the garnishee to enforce a liability existing against him and in favor of the defendant. * * It thus appears that such allegations perform the office and are in the nature of a complaint on a cause of action which exists in favor of the defendant in the original action and against the garnishee, and tender to him the only issues he is required to answer, or that the court is authorized to try. All proceedings prior to such allegations are but preliminary steps leading up to the formation of an issue between the plaintiff and the garnishee for trial by the court. * * By the service of the order of the court requiring the garnishee to appear and answer at a specified time and place, jurisdiction of his person is obtained; but without the filing of the allegations the court does not obtain jurisdiction of the subject matter, and there is nothing for the garnishee to answer, and no question for the court to determine. It follows that no waiver by the garnishee of allegations can confer jurisdiction upon the court any more than a waiver of a complaint in an ordinary action can do so. Before the jurisdiction of a court over the subject matter can be said to exist, it must appear that a complaint, or what stands in its place, has been submitted, invoking the action of the court upon a matter within the scope of its jurisdiction": 1 Freeman, Judgments, § 119.

In *Altona* v. *Dabney,* 37 Or. 334, 336 (62 Pac. 521), the court, *inter alia,* says:

"It (a motion to vacate a judgment) is based upon the fact that the allegations and interrogatories were neither served within the time fixed by the court in the order for the examination of the garnishee, nor upon

him personally; but his subsequent appearance by answer was a waiver of an irregularity.in that regard. The allegations in a garnishee proceeding are essential to jurisdiction of the subject matter. * * But jurisdiction of the person may be acquired by a voluntary appearance.''

4. The rule is settled in this state that the filing of the allegations in a garnishment proceeding provided for by Section 315, L O. L., is necessary to confer upon the court jurisdiction of the subject matter of the proceeding, and that the garnishee may waive the service of the allegations by an appearance, but that the filing of the allegations cannot be waived. A judgment against the garnishee, where no allegations were filed, is without jurisdiction of the subject matter, and void.

In this case, no allegations were either served or filed, and no order of the court for the examination of the garnishee was made. It necessarily follows, under the rule settled by the previous decisions of this court, that the judgment against the garnishee is *coram non judice* and void.

In *Smith* v. *Conrad*, 23 Or. 210, 211 (31 Pac. 398), the court says:

''It follows that no waiver by the garnishee of the allegations can confer jurisdiction upon the court any more than a waiver of a complaint in an ordinary action can do so.''

We conclude that the judgment against the garnishee is void for want of jurisdiction, and for this reason, it is reversed.                               Reversed.

Mr. Chief Justice McBride, Mr. Justice Burnett and Mr. Justice Bean concur.