Submitted on record and appellants' brief January 30,
reversed May 19, 1980

PITZER, et ux,
*Respondents,*
*v.*
DEMIANEW, et ux,
*Defendants,*
*v.*
DEMIANEW, et ux,
*Appellants.*

(No. 11,375, CA 14998)

610 P2d 1256

W. Eugene Hallman, and Mautz and Hallman,
Pendleton, filed the brief for appellants.

Before Joseph, Presiding Judge, Richardson, Judge,
and Schwab, Chief Judge.*

JOSEPH, P.J.

*Schwab, C.J., *vice* Lee, J., deceased.

**JOSEPH, P.J.**

This appeal arises from a garnishment proceeding.[1] The garnishees contend that because the plaintiffs failed to comply with certain statutory requirements for a garnishment, the court lacked jurisdiction to consider plaintiffs' claim.[2]

Plaintiffs obtained a default judgment against defendants. A garnishment writ was served on Gen-Russ, Inc., which is not a party to this proceeding. It responded that no monies were due. Later writs were also served on that corporation, which did not afford relief. Then plaintiffs served the garnishees Demianew with an execution and a "Notice of Levy on Stockholders Shares," by which plaintiffs purportedly garnished shares of stock of Gen-Russ, Inc., registered in defendants' names and being held by the garnishees. No writ of garnishment was ever served on the purported garnishees Demianew.[3]

The garnishees apparently responded to the "Notice of Levy" by stating that "Garnishee claims there is nothing to be levied against as stock is held as security for a loan."[4] Plaintiffs obtained an order, pursuant to

---

[1] *But see* note 3, *infra.*

[2] The garnishees also argue that, assuming the garnishment proceeding was properly before the court, it did not have jurisdiction to issue an order requiring the garnishees to surrender stock. ORS 29.360. We do not reach that question because of our determination of the first issue.

[3] Whether there was ever a garnishment proceeding initiated against Sam and Loretta Demianew was not raised before the order appealed from was made. The plaintiffs, who have not appeared in this court, clearly believed they were garnishing the stock, even though they did not begin with a notice of garnishment. The garnishees, and their counsel, just as clearly responded at all times as if they were involved in a garnishment until after the challenged order was entered. On the same day the notice of appeal was filed, plaintiffs served another "Notice of Levy, etc." on Sam and Loretta Demianew *and* on their attorneys, who then filed motions to quash on the ground that there is no statutory basis for such a proceeding. The motions were denied, but the issue is not before us. We will dispose of the appeal as a matter of garnishment law. Furthermore, we treat the trial order as a judgment against the garnishees.

[4] The record does not contain the response to plaintiffs' notice, but the court's order for appearance and the order following the evidentiary hearing quote from their response.

ORS 29.280 and ORS 29.290,[5] requiring the garnishees to appear and be examined. Following an evidentiary hearing, the court made its findings and issued its order, which are set out in the margin.[6]

[5] ORS 29.280:

"Whenever the sheriff, with a writ of attachment against the defendant, shall apply to any person or officer mentioned in subsection (3) of ORS 29.170, for the purpose of attaching any property mentioned therein, such person or officer shall furnish him with a certificate, designating the amount and description of any property in his possession belonging to the defendant, or any debt owing to the defendant, or the number of rights or shares of the defendant in the stock of the association or corporation, with any interest or profits or encumbrance thereon. The certificate shall be furnished to the sheriff within five days from the date of service of the writ, when service is made within the county in which the action is pending, and within 10 days when service is made in any other county. If such person or officer fails to do so within the time stated, or if the certificate, when given, is unsatisfactory to the plaintiff, he may be required by the court, or judge thereof, where the action is pending, to appear and be examined on oath concerning the same, and disobedience to such order may be punished as a contempt."

ORS 29.290:

"The order provided for in ORS 29.280 shall require such person or officer to appear before the court or judge at a time and place therein stated. In the proceedings thereafter upon the order, such person or the association or corporation represented by such officer shall be known as the garnishee."

[6]

"1. Sam and Loretta Demianew, husband and wife, presently hold in their possession 200 shares of stock, presently owned by Russell J. Demianew and Kathleen Demianew, husband and wife.

"2. Sam and Loretta Demianew, husband and wife, presently claim some right in said stock as security for a loan made by Sam and Loretta Demianew, husband and wife to Russell J. and Kathleen Demianew, husband and wife.

"3. Said claim is evidenced by a note entered into by Russell J. and Kathleen Demianew, husband and wife, to Sam and Loretta Demianew, husband and wife, and recorded in Umatilla County Deed Records, in Reel 42, Page 1285, on November 28, 1978.

"4. Said stock was released to Sam and Loretta Demianew by Gen-Russ, Inc. in February of 1979.

"5. Plaintiffs served the Corporation, Gen-Russ, Inc. with a writ of garnishment on November 22, 1978, which restrained Gen-Russ, Inc. from delivering, selling or transferring any personal property or assets

The garnishees argue that the court lacked jurisdiction to issue its order because the plaintiffs failed to file written allegations. We agree and, therefore, reverse.

After the allowance of an ORS 29.280 order and before the garnishee is required by the order to appear or within a time specified in the order, the plaintiff is required to serve written allegations on the garnishee. He may also serve written interrogatories. ORS 29.310 provides:

"After the allowance of the order provided for in ORS 29.280, and before the garnishee or officer thereof shall be required to appear, or within a time to be specified in the order, the plaintiff shall serve upon the garnishee or officer thereof written allegations, and may serve written interrogatories, touching any of the property as to which the garnishee or officer thereof is required to give a certificate as provided in ORS 29.280."

The "allegations" are essential to the jurisdiction of the court. They are in the nature of a plaintiff's complaint *(Eisele v. Knight, Northern Ins. Co.,* 234 Or 468, 470, 382 P2d 416 (1963)); they provide the theory on which a plaintiff bases a right to garnishment. In *McLaughlin v. Aumsville Mercantile Co.,* 74 Or 80, 144 P 1154 (1914), the court stated:

"The rule is settled in this state that the filing of the allegations in a garnishment proceeding provided for by [ORS 29.310], is necessary to confer upon the court jurisdiction of the subject matter of the proceeding, and that the garnishee may waive the service of

of the defendants, Russell J. and Kathleen Demianew, husband and wife, in the possession of or control of Gen-Russ, Inc.

"THE COURT, THEREFORE, FINDS that said release of stock by Gen-Russ, Inc. was wrongful and without right and that Sam and Loretta Demianew, husband and wife, are presently holding said stock wrongfully and without right, and

"NOW, THEREFORE, Sam and Loretta Demianew, husband and wife, are hereby ordered to return said stock to Gen-Russ, Inc. to be held by it as set forth in said writ of garnishment."

[189]

the allegations by an appearance, but that the filing[7] of the allegations cannot be waived. A judgment against the garnishee, where no allegations were filed, is without jurisdiction of the subject matter, and void." 74 Or at 89.

*See, also, Case v. Noyes,* 16 Or 329, 333, 19 Pac 104 (1888).

Plaintiffs' failure to file written allegations renders the judgment against the garnishees void, and the court's order must therefore be reversed.

Reversed.

---

[7] The "filing" requirement, as distinct from the service requirement in ORS 29.310 and its historical Oregon predecessors, has no foundation in the words of the garnishment statutes. However, since the earliest cases the allegations have been the means to bring on the record in the garnishment proceeding the original cause of action and judgment *(Case v. Noyes,* 16 Or 329, 19 Pac 104 (1888)). Without the allegations being filed, there is no pleading to support jurisdiction of the court hearing the garnishment matter. *Smith v. Conrad,* 23 Or 206, 211, 31 Pac 398 (1892).