Argued February 5, decided February 11, rehearing denied May 20, 1913.

## HOFER *v.* SMITH.

(129 Pac. 761.)

**Appeal and Error—Harmless Error—Ruling on Nonsuit.**

1. Though plaintiff, when he rested, had not offered sufficient proof to warrant submission of the cause, a ruling denying a nonsuit will not be disturbed where such failure was supplied by evidence subsequently introduced.

**Appeal and Error—Findings—Conflicting Evidence.**

2. The Supreme Court will not consider any conflict in the evidence; that being settled by the verdict of the jury.

**Evidence—Admissions.**

3. A pleading served in another action, if material, may be used in evidence, though the party offering such evidence was not a party to the action in which the pleading was served.

[As to admissibility against pleader of pleading superseded by amended pleading, see note in Ann. Cas. 1913A, 1132.]

65 Or.—10

Evidence—Admissions—Judicial Proceedings.

4. In an action against defendants, as partners, to recover for advertising, plaintiff offered in evidence a complaint filed by the defendants, as partners under the same firm name, against another person, which alleged that the complaining partners "were and now are conducting a general real estate and brokerage business" under the name and style, etc., and sought to recover commissions for the sale of realty under an agreement made in 1908, the complaint being verified by one of the partners in February, 1911. *Held,* that the complaint was admissible in evidence in the present action on the question of whether defendants were partners between December 31, 1908, and August 1, 1910.

From Marion: Percy R. Kelly, Judge.

Statement by Mr. Justice Bean.

This is an action by E. Hofer, doing business as Capital Journal Publishing Company, against A. C. Smith, W. A. Rutherford and J. A. Simpson, copartners, doing business under the firm name and style of A. C. Smith & Co., to recover money. The cause was tried before a jury and a verdict rendered in favor of plaintiff for $100. From a judgment thereon, defendants appeal.

The complaint is in the usual form in such cases, and alleges, among other things, that plaintiff published advertising matter for defendants in a daily newspaper between December 31, 1908, and August 1, 1910; that during that time the defendants were copartners, doing a general real estate and brokerage business in the city of Salem, Oregon, under the firm name and style of A. C. Smith & Co.

The answer contains a general denial of the facts alleged in the complaint. Upon the trial plaintiff introduced evidence tending to substantiate the averments of the complaint. At the close of plaintiff's case defendants' counsel moved for a nonsuit, on the ground that there was no competent evidence tending to show that they were partners during the time the services were rendered.          Affirmed.

For appellants there was a brief and an oral argument by *Mr. William P. Lord.*

For respondent there was a brief and an oral argument by *Mr. John D. Turner.*

Mr. Justice Bean delivered the opinion of the court.

In order to show that the defendants were copartners at the time the advertising was done, plaintiff offered in evidence a complaint filed in an action in the Circuit Court of the State of Oregon, for Marion County, wherein A. C. Smith, W. A. Rutherford, and J. A. Simpson, partners doing business under the firm name and style of A. C. Smith & Co., were plaintiffs, and one Rineman was defendant. It was alleged therein that during the time mentioned "plaintiffs were and now are conducting a general real estate and brokerage business in the city of Salem, county and state aforesaid, under the firm name and style of A. C. Smith & Co., and duly licensed as such under the laws of said city." The action was brought for the purpose of collecting a commission for the sale of real estate, pursuant to an agreement made in May, 1908. The complaint was verified on the 21st day of February, 1911, by defendant J. A. Simpson. This proof was admitted over the objection and exception of counsel for defendants. On behalf of defendants Simpson and Rutherford, it is urged in support of the motion for a nonsuit that the evidence does not tend to show that defendants were copartners at the time the services were rendered, for which compensation is claimed in this action. It appears that the advertising was done by plaintiff between December 31, 1908, and August 1, 1910. The only question for the determination of the court is whether or not there was any evidence show-

ing that the partnership existed between defendants sufficient to be submitted to the jury.

1. To determine this we should consider all the evidence in the case, for the reason that it is the rule in this state that, although plaintiff at the time of resting may have failed to offer proof sufficient to entitle the cause to be submitted to the jury, a ruling denying such motion will not be disturbed, if the omission is supplied by the subsequent introduction of evidence: *Trickey* v. *Clark*, 50 Or. 516, 519 (93 Pac. 457); *Crosby* v. *Portland Ry. Co.*, 53 Or. 496 (100 Pac. 300, 101 Pac. 204).

2. After the ruling on the motion for a nonsuit, defendants introduced evidence tending to controvert that upon the part of plaintiff, and explaining the dates of the copartnership of defendants as alleged in the complaint in the Rineman case, claiming that it might be an error. Defendants assert that, while they were engaged together in the real estate business prior to that time, they were not copartners until August 11, 1910, when a partnership agreement was executed. This court has nothing to do with the conflict in the evidence. That matter was settled by the verdict of the jury.

3. Admissions or declarations of a party contained in a pleading served by him on the adverse party in another case may be used in evidence by plaintiff, though not a party to the action in which the pleading was served, if it contains statements material to the issue on trial: *General Electric Co.* v. *Jonathan Clark & Sons* (C. C.), 108 Fed. 170; *Every* v. *Rains*, 84 Kan. 560 (115 Pac. 114); 16 Cyc. 969.

4. It appears that defendant Simpson verified the complaint offered in evidence, and defendant Rutherford knew of and acquiesced in bringing the action in the Rineman case. The defendants were represented

by well-known attorneys in that case.   The pleading contained a plain statement of a fact relied and acted upon by all of the defendants, and material to the issue in the case under consideration.   It is true that the defendants had the right to explain this statement, which they attempted to do, the issue in regard to the copartnership was plainly submitted to the jury by the trial court, and the jury found against the claim and explanation of defendants and in favor of plaintiff. The circumstances and the complaint offered in evidence certainly indicate that between May, 1908, and February 25, 1911, these defendants were copartners.

Under the provisions of Article VII, Section 3, of the Constitution, as amended November 8, 1910 (Laws 1911, p. 7), no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict.   This we cannot say in the case at bar. Other errors are assigned which, after a careful examination of the record, we do not think are prejudicial, or that they changed the result.

Finding no error in the record, the judgment of the lower court is affirmed.                    AFFIRMED.