On June 27, 1925, the plaintiff Oregon Creditors, Inc., brought a personal action against H.W. Oliver, and on the same date issued an attachment to the sheriff of Washington County. The sheriff returned said writ substantially stating that he had executed it by levying upon and attaching all the right, title and interest of H.W. Oliver in and to a certain "audited claim for $757.36 assigned by general assignment to *Page 308 
Hillsboro Commercial Bank of Hillsboro, Oregon, filed May 21, 1925, by garnishing Edw. C. Luce, County Clerk of Washington County, Oregon, garnishment attached hereto."
The notice of garnishment attached is as follows:
"To County of Washington, "State of Oregon:
"You are hereby notified that by virtue of a writ of attachment issued out of the above entitled court in the above entitled cause, and to me directed, a duly certified copy of which is herewith served upon you, all property, money, debts, rights, dues and (or) credits, of every nature, whether due or to become due, and especially any sums of money due or owing to the defendant herein as wages, salary, commission, or any credits of any kind or description in your hands, or under your control, belonging or owing to the above-named defendant, H.W. Oliver, or either of them, are hereby attached and garnished, and you are hereby required forthwith to furnish to the undersigned a written statement of all such property, money, etc.
"Dated at Portland, Oregon, June __, 1925.
 "J.E. REEVES, "Sheriff of Washington County, Oregon. "By GEO. ALEXANDER, "Deputy."
"The return of the clerk is as follows:
"State of Oregon, County of Washington.
"To J.E. Reeves, Sheriff of Washington County, Oregon:
"Comes now the garnishee to whom the notice of garnishment on the reverse side hereof is directed, and for answer to said notice of garnishment, states and alleges as follows, to-wit:
"That at the time of service of said notice of garnishment upon me there was in my hand, or control, *Page 309 
no property, money, debts, rights, dues, and (or) credits, due or to become due, belonging or owing to the defendant, H.W. Oliver, named in said notice of garnishment, or either of them, except the following: an audited claim for $757.36 favor of Davidson 
Oliver assigned by general assignment to Hillsboro Commercial Bank of Hillsboro, Oregon, filed May 21, 1925.
 "EDW. C. LUCE, "County Clerk of Washington County, Oregon."
On July 11, 1925, plaintiff obtained a judgment by default against Oliver for the amount claimed in the complaint and an order directing the sale of the attached property. On August 15, 1925, plaintiff filed its allegations in garnishment, which are as follows:
 "1.
"That heretofore and on or about the 27th day of June, 1925, plaintiff herein commenced an action against the defendant. That thereafter an undertaking in attachment was filed by the plaintiff and writ of attachment was issued out of the above entitled court. Based upon said writ of attachment, notice of garnishment was served upon the garnishee, county of Washington, state of Oregon; that said notice of garnishment directed garnishee to make return thereon showing any property under its control or in its possession belonging or owing to the defendant herein.
 "2.
"That thereafter and on or about the 10th day of July, 1925, the garnishee herein made return to the clerk of the above entitled court showing that it had in its possession and under its control, an audited credit in the sum of $757.36, in favor of Davidson Oliver, assigned by general assignment to the Hillsboro Commercial Bank of Hillsboro, Oregon.
 "3.
"That thereafter and on or about the 11th day of July, 1925, the above entitled plaintiff obtained judgment in the above entitled court for the sum of $218.00 *Page 310 
and the further sum of $30.00 and the further sum of $12.71 and the further sum of $15.10 costs and disbursements herein. That it was further ordered by said court that property attached in said action as hereinbefore alleged be sold on execution and process therefrom applied in satisfaction of said judgment.
 "4.
"That the return made by the garnishee herein as hereinbefore alleged is unsatisfactory to plaintiff herein and notwithstanding said return, plaintiff is informed and believes and therefore alleges that the garnishee herein had at the time of the service of said notice of garnishment upon it, in its possession and under its control, the sum of $729.49 belonging and owing to the partnership of Davidson Oliver, of which defendant herein is a partner.
 "5.
"That heretofore and on or about the 13th day of July, 1925, a writ of attachment was issued out of the above entitled court and thereafter and based on said execution and on or about the 30th day of July, 1925, notice of garnishment herein was served upon said garnishee directing said garnishee to make return thereon showing any money, credits, personal property or choses in action in its possession or under its control belonging or owing to the defendant herein.
 "6.
"That the garnishee herein has wholly failed, neglected and refused to make return on said notice of garnishment."
The following interrogatories were attached to plaintiff's allegations:
"1. Did the county of Washington at the time of the service of notice of garnishment herein have a contract with Davidson 
Oliver? If so, attach a copy of that contract to your answers herein.
"2. Is Davidson Oliver a corporation or partnership? *Page 311 
"3. If Davidson Oliver is a partnership, what are the names of the partners?
"4. State the nature and details of the contract made and entered into between the county of Washington and said Davidson 
Oliver.
"5. Did that contract provide for an estimate at a given time in each month of work performed under said contract by Davidson 
Oliver?
"6. Did said contract not provide further that 95 per cent of the work estimated to have been done, would be due and payable unto Davidson Oliver upon the completion of such estimates and the auditing of a claim therefor?
"7. Was not the sum of $757.36 due and payable to Davidson 
Oliver on the 10th day of July, 1925, and when did it become due?
"8. What were the details of said assignment to the Hillsboro Commercial Bank of Hillsboro, Oregon, filed May 21st, 1925, referred to by you in your return on the notice of garnishment.
"9. Attach a copy thereof to your answers to these interrogatories.
"10. What amount, if any, was due Davidson Oliver on May 21, 1925, and when and to whom was it paid?"
On August 15, 1925, the court made an order directing the county to appear on August 26th and be examined touching return on notice of garnishment, and directed that it have the written answers to the interrogatories served and attached to plaintiff's allegations. The county appeared at the time stated, and, through the county judge, filed its answers to the interrogatories as follows:
"For answer to interrogatory one thereof: The county of Washington did have a contract with Davidson and Oliver at the time of the service of the notice of garnishment; that a copy of said contract is annexed hereto and by this reference made a part hereof: *Page 312 
"For answer to second interrogatory: Davidson and Oliver with whom the contract was made, was a partnership.
"To third interrogatory: L.P. Davidson and H.W. Oliver.
"Fourth interrogatory: Washington county contracted with Davidson and Oliver to furnish said county with sub-base materials and top course materials from the Cedar Mills Quarry in said county as per the specifications and particulars set forth in the contract annexed hereto.
"Interrogatory No. 5: At a regular period each month.
"Sixth interrogatory: The contract provides that `partial payments will be made in an amount equal to ninety-five per cent of the work done and material furnished. Five per cent of all money due under this contract shall be retained until final completion of the work.'
"Seventh interrogatory: The first estimate of work is dated June 30, 1925. On July 10, 1925, there was due Davidson and Oliver, or their assigns, the sum of $757.36.
"Eighth interrogatory: See answer to interrogatory nine.
"Ninth interrogatory: The following is a copy of the assignment on file with the county clerk of Washington county, from Davidson and Oliver to the Hillsboro Commercial Bank.
"Hillsboro, Oregon, May 21st, 1925.
"To the Hon. County Judge Co., Commissioners:
"For value received I hereby assign what amounts are due me on account of crushing rock at the Cedar Mills Quarry, to the Hillsboro Commercial Bank of Hillsboro, Oregon, and you are hereby directed to make all warrants payable to the Hillsboro Commercial Bank in payments of same.
 "DAVIDSON OLIVER. "By (Signed) H.W. OLIVER.
"Accepted this ____ day of May, 1925. *Page 313 
"Tenth interrogatory: There was nothing due Davidson and Oliver on May 21, 1925."
Thereupon on August 27, 1925, the court made an order reciting the appearance of Washington County and rendering judgment against Washington County for the full amount of the judgment theretofore rendered in the action of plaintiff against Oliver, and costs.
On September 2, 1925, appellant moved to vacate the judgment on the ground that the order and judgment were against public policy; that the court was without jurisdiction to render the judgment, and on the ground of mistake and inadvertence in matters stated in the affidavits accompanying the motion, which are too long to be inserted here. The court denied the motion and defendant county appeals. REVERSED.
The allegations required by Section 315, Or. L., are in the nature of a complaint and should contain every averment necessary to a good complaint, and show plaintiff's right to impound and have applied to the satisfaction of its judgment, funds or property in the hands of the garnishee: Case v. Noyes, 16 Or. 329
(19 P. 104); Smith v. Conrad, 23 Or. 206 (31 P. 398);Keene v. Smith, 44 Or. 525 (76 P. 1065). *Page 314 
Plaintiff's allegation number 4 in this proceeding not only fails to show any right of plaintiff to have defendant county garnisheed to satisfy its judgment, but shows affirmatively that it has no such right. It alleges that defendant county at the time of garnishment had in its possession and under its control the sum of $729.49 belonging and owing to the partnership of Davidson Oliver of which defendant Oliver is a partner. It is laid down by all the authorities that credits due a partnership firm cannot be garnished in a separate and personal action against one of the parties: Waples on Attachment and Garnishment (2 ed.), § 377; Drake on Attachment (7 ed.), § 567 et seq.; 2 Wade on Attachment, § 490.
In some of the states, a distinction is made between garnishment of credits and attachment of tangible property in the hands of the other partner, but that question does not arise here.
The allegations in garnishment disclosed no right in the creditor to have the county brought into court and the proceeding was void. While plaintiff may have a remedy in a proceeding in equity where all creditors and debtors of the firm may be brought in and the rights of all adjudicated, we are of the opinion that it has no remedy by way of garnishment; that the judgment against defendant county should have been vacated, and it is so ordered.
REVERSED.
RAND, C.J., and COSHOW and ROSSMAN, JJ., concur. *Page 315