Argued April 3, reversed June 12, 1963

# EISELE *v.* KNIGHT, NORTHERN INSURANCE COMPANY

382 P. 2d 416

*William C. Grant,* Portland, argued the cause for

appellant. With him on the briefs were Hershiser, McMenamin, Blyth & Jones, Portland.

*Richard F. Porter,* Portland, argued the cause for respondent. With him on the brief was Ben T. Gray, Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

DENECKE, J.

The plaintiff garnished Northern Insurance Company, alleging that Northern owed a debt to the defendant which arose because the garnishee had liability insurance covering the defendant. The plaintiff had previously secured a judgment for damages for personal injuries against the defendant. The trial court, sitting without a jury, held there was coverage.

Defendant Richard Knight was the son of Mrs. Von C. Jensen and a stepson of Mr. Von C. Jensen. He became 16 in September, 1958. He was living with the Jensens at that time. At that time and for several prior years the Jensens had a liability policy with Northern, insuring the Jensens and the members of their household while driving the Jensen's three cars, or other cars. In 1956 Mr. Jensen learned that his stepson was driving cars belonging to other persons. He inquired of his agent, Mr. Slade, and was told that the stepson was covered while driving such cars.

In June, 1959, Northern issued a new liability policy to the Jensens. It did not cover Knight while driving cars not owned by the Jensens. The testimony of Mr. Jensen and Mr. Slade concerning the circumstances surrounding the issuance of this policy is not in accord. Mr. Jensen testified that he assumed the new policy covered his stepson while he was driving

any car. He stated that Mr. Slade never told him to the contrary. Mr. Slade testified that he told Mr. Jensen that his stepson was not covered by the new policy and that this change was made at Mr. Jensen's request.

According to Mr. Slade, when the policy was up for renewal in 1959, Northern inquired whether Richard Knight had a driver's license. Upon inquiry it was found that he did. Mr. Slade explained to Mr. Jensen that his rate would be more than doubled to cover his stepson. Mr. Slade testified that Mr. Jensen told him that his stepson would be away at school and he did not wish him covered. Therefore, the policy here involved was issued.

Mr. Jenson testified that he "imagined" that he discussed the new policy issued in 1959 with Mr. Slade, but he did not remember what he said, if the policy was discussed. Mr. Jensen was positive, however, that Mr. Slade did not tell him that his stepson was not covered under the new policy. Mr. Jensen "assumed that Richard was covered."

■ The allegations in a garnishment proceedings are in the nature of plaintiff's complaint. *Oregon Creditors, Inc. v. Oliver,* 125 Or 307, 313, 267 P 52. The plaintiff stated in his allegations that Northern Insurance Company had a policy outstanding on the date of the accident "covering Von C. Jensen and Mary W. Jensen and such other persons that they should permit and allow to drive their said car * * * [and] Richard Preston Knight was operating an automobile covered by said policy." The form of the policy issued was made part of the pleadings and its contents were never disputed. Plaintiff did not question that according to the terms of the policy Knight was covered only when driving a car owned by the Jensens. This was

the only theory advanced in the pleadings, i.e., Knight was covered by the terms of the policy issued as he was driving a Jensen-owned car.

However, the undisputed fact is that Knight was not driving a Jensen-owned car at the time of the accident. He was driving a car owned by the Crawfords. The record is unequivocal that plaintiff knew this fact at the time the garnishment allegations were filed. However, for some unknown reason, the allegations base the right to garnishment upon the theory that Knight was driving a Jensen-owned vehicle and thus was covered under the terms of the policy as issued. No attempt was ever made to amend the pleadings.

The trial court entered a finding of fact that Knight was driving an automobile owned by the Jensens. As stated, this is simply not the fact and the plaintiff never contended so except in his allegations. The trial court further found as follows:

> "* * * but it is the Court's finding that the policy of automobile liability insurance of the garnishee in favor of Von Jensen, by its written terms and the oral statements and the conduct of garnishee's agent viewed as a whole, constitutes a contract of insurance which covered the defendant Knight for liability at the time of the accident. * * *"

And made a conclusion of law as follows:

> "That the written contract of insurance, together with the oral statements and conduct of garnishee's agent, all together constitute a contract of insurance upon which the garnishment in this case will lie and which covers the accident for which defendant Knight was found liable."

The memorandum of the trial court, which was incorporated in the findings, stated, in part:

"The court accepts the rule of law from 29 Am. Jur., Section 340, cited in the reply brief to the effect that the grounds for reformation of the policy are at least three; mutual mistake, fraud, or inequitable conduct. Thus, if the Court concludes that the testimony given by Mr. Von Jensen is correct, the garnishee's policy will be held to include coverage for the accident, which is the subject of this proceeding."

The court went on:

"* * * No writing between the parties ever specifically informed the Jensens that the boy was being dropped from coverage after the nine months that he was covered after his driver's license was issued. The rule is universal that the language in an insurance policy, being written by the company, is to be construed against the company * * *."

These findings of fact and conclusions of law intimate that the trial court decided the proceedings upon a theory of reformation, or, possibly, estoppel. Neither is pleaded specifically nor are facts pleaded from which reformation or estoppel could be inferred. There is doubt whether either could be pleaded as the basis for establishment of the debt in a garnishment proceedings. A garnishment proceedings is in effect an action at law. *Overturff v. Carroll,* 109 Or 326, 219 P 1081. In any event plaintiff did not plead either.

Inasmuch as the only basis for recovery pleaded was that Knight was driving a Jensen-owned car and thus covered under the written contract of insurance and that fact and conclusion was not supported by any evidence, the judgment must be reversed with directions to enter judgment for the garnishee. *Cole v. Fogel,* 210 Or 257, 264, 310 P2d 315.