Argued January 7, affirmed as modified April 2, 1965

# UNION OIL COMPANY *v.* PACIFIC WHALING COMPANY, CARL

### 400 P. 2d 509

*William B. Murray,* Portland, argued the cause and filed briefs for appellant.

*David R. Williams* and *Donald R. Stark,* Portland, argued the cause for respondent. With Mr. Stark on the brief were Williams, Montague, Stark & Thorpe, Portland.

Before MCALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

DENECKE, J.

Plaintiff brought a collection action against defendant Pacific Whaling Company for $1,400, and then served a writ of attachment and notice of garnishment upon Carl. The notice referred specifically to the proceeds of an insurance policy on the vessel Sheila. The answer to the notice stated that no funds owing Pacific Whaling were held. Garnishment pleadings were filed (see *Eisele v. Knight, Northern Ins. Co.,* 234 Or 468, 470, 382 P2d 416 (1963), the garnishee examined, findings of fact made, and a judgment entered against the garnishee, who appeals.

I

Garnishee Carl is secretary and owns 50 per cent of the stock of Pacific Whaling; he was also a creditor in the amount of approximately $15,000. Pacific's sole asset was the vessel Sheila. There was testimony that the Sheila was worth from $75,000 to $148,000. Pacific Whaling borrowed $13,000 from the First National Bank of Oregon; Carl was an obligor on the note evidencing the debt. Pacific Whaling also owed Bio-Products, Inc., approximately $10,000. According to Carl, he procured a hull policy in the amount of $75,000 on the Sheila, primarily because the bank required

insurance, and also to protect his interest, but not for the protection of Pacific Whaling.

On the policy is stated:

> "Assured [printed] JACK CARL
> c/o Pacific Whaling, Inc.
> Portland, Oregon"

Attached to the policy is a lengthy endorsement which commences: "To be attached to and form a part of Policy No. [illegible] of the UNDERWRITERS AT LLOYD'S, LONDON Insuring JACK CARL." Later, it states: "Loss, if any, * * * payable to JACK CARL, FIRST NATIONAL BANK * * * BIO-PRODUCTS * * * as their interests may appear."

The vessel became a total loss and the insurers paid the face amount of the policy. The bank and Bio-Products were paid. It is not clear whether Carl was paid all of the $15,000 debt owed him. The issue is whether Pacific Whaling has an interest in the balance of the proceeds, held by Carl.

■ That the policy does not name Pacific Whaling as an assured is not conclusive. It can be shown that the person procuring the insurance intends one not named as an insured to be in fact an insured. This was the holding in *Insurance Company v. Chase,* 72 US (5 Wall) 509, 18 L ed 524 (1866). The assured as stated in a fire policy on a church was "William Chase." Chase and four others were trustees of the church. Chase testified that he purchased the policy for the benefit of the church and the Court held that the church was entitled to the proceeds of the policy.

■■ The trial court made a finding of fact that Pacific Whaling had an interest in the proceeds of the policy. A garnishment proceeding being in the nature

of a law action, the trial court's findings will be upheld if there is evidence to support them. We hold that there is evidence to support such finding. One item of evidence is an admission by Carl. The insurer initially refused to pay, and an action was brought to recover on the policy. The plaintiffs named in the complaint in such action were Pacific Whaling, Carl and the two creditors named as loss payees. The complaint alleged that the policy insured plaintiffs in said action, and was signed by Carl's present attorney. It was verified by the President of Pacific Whaling. Carl testified that he was consulted when the suit was filed and knew about the suit. ·

In *Hofer v. Smith,* 65 Or 145, 129 P 761 (1913), the issue was whether the three defendants were partners. A complaint filed by the three defendants in a different action was introduced. The complaint alleged that they were parners; it was verified by one of the parties. Another defendant, "defendant Rutherford knew of and acquiesced in bringing the action * * *." (65 Or at 148) The admission in the pleading was held sufficient to support a verdict.

## II

■ No judgment has been entered in the principal action brought by Union Oil against Pacific Whaling. The last document in that file is a general denial. In the garnishment action the court signed a judgment against Carl in the amount of the debt claimed by plaintiff in the action against Pacific Whaling. The judgment provides: "Execution shall issue upon said judgment against Jack E. Carl as upon an ordinary judgment between plaintiff and defendant." The garnishee contends that no judgment may be entered against him prior to a judgment in the principal action.

We hold that the garnishee's contention is correct in so far as the judgment creates a present personal liability against the garnishee and provides for execution to enforce such liability.

The applicable Oregon statutes have been the law since Deady's Organic and Other General Laws of Oregon 1845-1864. Our statutes provide that when a notice of garnishment is served the garnishee shall make a certificate stating any debt owing. ORS 29.280. If the garnishee fails to so certify or the plaintiff is not satisfied with the certification, the court may require the garnishee to appear and be examined under oath. ORS 29.280. After such an order and before the garnishee's appearance, the plaintiff shall serve allegations on the garnishee, and, in addition, may serve interrogatories. ORS 29.310. The garnishee is required to return a written, sworn answer to such allegations and interrogatories. ORS 29.320. ORS 29.330 provides:

> "If the garnishee or officer thereof fails to answer, the court or judge thereof, on motion of the plaintiff, may compel him to do so, or the plaintiff may, *at any time after the entry of judgment against the defendant,* have judgment against the garnishee for want of answer. In no case shall judgment be given against the garnishee for a greater amount than the judgment against the defendant." (Emphasis added.)

If there is an issue made by such pleadings, a trial shall be had. ORS 29.360 provides:

> "If by the answer it shall appear, or if upon trial it shall be found, that the garnishee, at the time of the service of the copy of the writ of attachment and notice, had any property as to which such garnishee or officer thereof is required to give a certificate, as provided in ORS 29.280,

beyond the amount admitted in the certificate, or in any amount if the certificate was refused, *judgment may be given against the garnishee* for the value thereof in money." (Emphasis added.)

ORS 29.370 provides:

"Executions may issue upon judgments against a garnishee as upon ordinary judgments between plaintiff and defendant, and costs and disbursements shall be allowed and recovered in like manner; provided, however, when judgment is rendered against any garnishee, and the debt from him to the defendant is not yet due, execution shall not issue until the debt is due."

In *Burns v. Payne,* 31 Or 100, 102, 49 P 884 (1897), in a dictum, this court said:

"* * * Upon these issues trial may be had, as upon ordinary issues of fact between plaintiff and defendant, and judgment rendered against the garnishee and in favor of the plaintiff, with the single restriction that the judgment shall not be for a greater amount than that recovered against the defendant in the action, and execution may issue against the garnishee as upon ordinary judgments. * * *"

In *Murphy v. Bjelik,* 87 Or 329, 352-353, 169 P 520, 170 P 723 (1918), we stated: "The notice of garnishment only operated to place the corporation in the position of a stakeholder with a contingent personal liability to the plaintiff which only ripened when a judgment was obtained against the defendants in the action."

The Oregon garnishment statutes probably came from the Missouri law as codified in Revised Statutes of Missouri 1855. Harris, *History of the Oregon Code,* 1 Or L Rev 129, 212 (1922). The Missouri decisions hold that no judgment can be had against the gar-

nishee prior to a judgment in the principal action. *Miller v. Anderson,* 19 Mo App 71 (1885); *Hoffman v. Mechanics-American Nat. Bank of St. Louis,* 287 SW 874 (Mo App 1926).

Garnishment is an ancillary remedy and the plaintiff has no right to property in the hands of a garnishee until plaintiff has a judgment against the garnishee's creditor, the defendant in the principal action. Some jurisdictions do permit a judgment by the plaintiff against the garnishee prior to a judgment in the principal action. *E.g.,* Revised Code of Washington Annotated, §§ 7.32.170-7.32.190; *Morris & Co. v. Canadian Bank of Commerce,* 95 Wash 418, 163 P 1139, 1141 (1917). However, in Washington, upon execution being levied, the garnishee is required to pay the debt to the clerk of the court, not the plaintiff. Here, as the quoted statute states, execution may issue "as upon ordinary judgments." ORS 29.370. Under our statutes, if the plaintiff is concerned that the garnishee may dispose of property owing the defendant before plaintiff can get judgment against such defendant, the plaintiff may seek an order restraining the garnishee from disposing of the property. ORS 29.300.

■ For the above reasons we interpret our garnishment statutes as not permitting a judgment against a garnishee for any amount of money or authorizing the issuance of execution, until a judgment has been had against the primary defendant. The question still remains whether, prior to judgment in the principal action, a trial may be had to determine whether the garnishee owes the defendant, and, if so, how much, and whether a decision may be made of such issue. In some instances it may be important to obtain such a decision before the principal action is decided.

The statutes contemplate that the pleadings form-

ing the issues shall be filed without relation to any judgment in the principal case. The provision for trial of the issue does not limit the time of trial to after judgment in the principal case.

We conclude that the judgment against Carl must be modified. However, the findings of fact and conclusions of law made in the document entitled "Judgment Order" to the effect that Carl owes Pacific Whaling an amount in excess of $1,399.92 are affirmed and shall remain as the findings and conclusions in the issue tried pursuant to the above-quoted ORS 29.360. The trial court shall also enter an order providing that when, and if, plaintiff obtains a judgment against Pacific Whaling, a judgment shall then be entered against the garnishee in an amount not greater than the amount of the judgment against Pacific Whaling. ORS 18.040-18.050 do not prohibit such a procedure. *State Highway Com. v. Vella,* 213 Or 386, 390, 323 P2d 941 (1958).

Judgment modified.